## U.S. Bank National association v. Davis

*Peter J. Quigley,* for plaintiff.
*Martha E. Von Rosenstiel,* for defendant.

ZULICK, *J.*, November 19, 2010—This case comes before the court on defendant Bernard Shuemaker's ("Shuemaker") request to open a default judgment entered for plaintiff U.S. Bank National Association ("U.S. Bank"). U.S. Bank obtained title to 191A Camelback Road, Tannersville, Pennsylvania (the "property") following a foreclosure sale by the U.S. Marshal's office. U.S. Bank commenced this action on February 19, 2010 to eject the occupants of the property who were in possession after the expiration of a lease.

U.S. Bank's ejectment action was filed against "Bernie Davis or Occupants." The Monroe County sheriff's office served an individual identified as "Bernie Davis" at the property on February 24, 2010. After a praecipe to enter judgment was filed, default judgment in ejectment was entered against "Davis Bernie" on August 5, 2010. On August 11, 2010 the prothonotary mailed notice of the default judgment to "Davis Bernie." On August 16, 2010, Shuemaker filed a petition for relief from judgment ("petition"). U.S. Bank filed an answer on September 2, 2010. Shuemaker filed a brief and the matter was argued on November 1, 2010.

## DISCUSSION

A petition to open a default judgment should be decided on principles of equity. *Seeger v. First Union Nat'l Bank,* 836 A.2d 163, 165 (Pa. Super. 2003). To open a default judgment, the court must consider the following: 1) whether the petition to open was timely, 2) whether there is a good reason for delay leading to the default, and 3) whether a meritorious defense has been shown. *Schultz v. Erie Ins. Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472

(1984). Each prong of this test must be met. *Id.* A petitioner who seeks to file an answer is entitled to the benefit of Pa.R.C.P. 237.3. Rule 273.3 supplies the first two requirements by presupposing that a petition is timely and with reasonable explanation or legitimate excuse. Pa.R.C.P.273.3, explanatory note. That rule provides:

> Rule 237.3 Relief from judgment of non pros or by default
>
> (a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.
>
> (b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense. Pa.R.C.P. 273.3.

Here, in compliance with Pa.R.C.P. 237.3(a), Shuemaker has attached a copy of the verified answer he seeks to file. He has also timely filed the petition.[1]

Under Pa.R.C.P. 237.3, the only remaining inquiry is whether Shuemaker presents a meritorious defense. A meritorious defense will be found if there is a defense

---

1. Pa.R.C.P. 237.3(b) requires filing within ten days after the entry of the judgment on the docket. While Shuemaker filed eleven days after the entry of judgment, the tenth day after judgment fell on Sunday, August 15, 2010. Pa.R.C.P. 106(b) provides, "Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation." Because the tenth day after judgment fell on a Sunday, it is omitted from the computation and Monday, August 16, 2010 becomes the effective tenth day of the period. I find that Shuemaker's petition was timely filed.

"pleaded that if proved at trial would justify relief." *State of Considine v. Wachovia Bank*, 966 A.2d 1148, 1152 (Pa. Super. 2009) (internal quotations omitted). Shuemaker asserts two defenses he contends are "meritorious" under Pa.R.C.P. 237.3. First, he argues that U.S. Bank named the wrong defendant in its caption. Second, he contends that U.S. Bank is in the process of negotiating sale of the property to him and should be equitably estopped from simultaneously pursuing default judgment.

## I. *Deficient Caption*

Pa.R.C.P. 1018 requires that "[t]he caption of a complaint shall set forth...the names of all the parties...." Shuemaker argues that U.S. Bank's complaint was deficient pursuant to Pa.R.C.P. 1018 because the name "Bernie Davis" appeared as the defendant in the caption and not Bernard Shuemaker. U.S. Bank counters that Shuemaker "has repeatedly identified himself as Bernie Davis." U.S. Bank's answer to Shuemaker's petition, 1. It argues that it complied with Pa.R.C.P. 1018 by including "or occupants." and that pursuant to Pa.R.C.P. 410(a)(2), Bernie Davis became a defendant upon being personally served at the property on February 24, 2010.

Pa. R.C.P. 410(b) provides:

(b)(1) If in an action involving an interest in real property the relief sought is possession or mortgage foreclosure, original process also shall be served upon any person not named as a party who is found in possession of the property. The sheriff shall note the service in the return.

(2) If the relief sought is possession, the person so

served shall thereupon become a defendant in the action. Upon praecipe of the plaintiff the prothonotary shall index the name of the person found in possession as a party to the action. Pa.R.C.P. 410(b)(1) and (2)

The sheriff did note on the service return in this case that "Bernie Davis" was served with the complaint in ejectment. U.S. Bank suggests that Bernie Davis and Bernard Shuemaker are one and the same person. Bernard Shuemaker does not admit that he is the "Bernie Davis" the sheriff's deputy served on August 12, 2010, but his petition does say that he resides on the premises, and he is seeking relief from the judgment against "Bernie Davis." If Bernard Shuemaker and the "Bernie Davis" who was served are the same person, then U.S.Bank obtained good service on Bernard Shuemaker as an occupant pursuant to Pa.R.C.P. 410(b)(1). If Bernard Shuemaker was not the one served, he would not appear to have standing to object to the default judgment against Bernie Davis.

## Equitable Estoppel

Shuemaker asserts that he is presently in the process of negotiating the purchase of the property with U.S. Bank. He requests that the court enjoin the bank from simultaneously pursuing default judgment in ejectment against "Bernie Davis" and negotiating the purchase of the property with Bernard Shuemaker.

The doctrine of equitable estoppel requires two essential elements; inducement and reliance. *Novelty Knitting, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (Pa. 1983). "The inducement may be words or conduct and the acts that are induced may be by commission or forbearance provided that a change in condition results causing disadvantage to

the one induced." *Id.* at 503-4. Shuemaker does not identify these factors or make any effort to satisfy them. He explains with no particularity why U.S. Bank's representations, infra, specifically caused him to rely on the notion that he would not be ejected from the property.

Here, Shuemaker asserts the following facts as the basis for inducement and reliance:

10. After the sale of this property by the Monroe County sheriff's office to the U.S. Bank National Association, Bernard Shuemaker, on behalf of his father-in-law, Benjamin Davis, attempted, through the bank's agent, Dale Kessler, to acquire this property, at all relevant times negotiationg with Dale Kessler.

11. The bank's agent reflected that as long as they could agree on the price, and Mr. Shuemarker could provide financial guarantees, the bank would be conveying the property to Mr. Shuemaker and his wife.

12. The bank subsequently sent an appraiser to the property, Connie Foland, a licensed appraiser doing business in Monroe County, Pennsylvania.

13. Ms. Foland advised Mr. Shuemaker that he should be negotiating the contract with her on behalf of the bank. Mr. Shuemaker then commenced negotiating with Ms. Foland to acquire the real estate.

14. The bank's agents, Dale Kessler and Connie Foland, acting as a servant, agent and/or employee of the bank, led Mr. Shuemaker to believe that he would be purchasing the real estate. Shuemaker's answer, "new matter," page 2, ¶¶ 10-14. Shuemaker's brief, page 4,

¶¶10-14.

Neither Shuemaker's new matter nor his two-sentence argument based on the facts laid out in the new matter make clear how U.S. Bank's alleged representations caused him to rely that he would not be ejected from the property. He does not allege any binding agreement or conduct on the part of U.S. Bank that would give him any equitable or legal interest in U.S.Bank's property. Shuemaker has not indicated that negotiations between him and U.S. Bank have moved past the preliminary stages. See Shuemaker's answer, "New Matter," page 2, ¶ 13. Shuemaker's brief, page 4, ¶ 13. However U.S. Bank has not responded to his contention that one agent of the bank is trying to sell him the property while another agent of the bank is trying to have him ejected.

A hearing will be scheduled for two purposes: 1) to determine if U.S. Bank has any interest in selling its property to Bernard Shuemaker. U.S. Bank's counsel shall come to the hearing with authority to advise the court on what interest, if any, U.S.Bank has in selling the property to Shuemaker. If U.S. Bank does not give counsel authority to answer these questions, counsel is directed to bring an agent of U.S. Bank to the hearing who is authorized. 2) A determination will be made as to whether Bernard Shuemaker was the person the sheriff's deputy served with the complaint. Bernard Shuemaker will be directed to be present to testify on this point.

ORDER

And now, November 19, 2010, upon consideration of the parties' arguments and petitioner's brief, it is ordered as follows:

A hearing shall be held on the December 22, 2010, at 9:00 o'clock a.m., in Courtroom No. 5, Monroe County Courthouse, Stroudsburg, Pennsylvania to determine a) whether Bernard Shuemaker is the same individual who was served with the complaint in ejectment by the Monroe County Sheriff's department on August 12, 2010, and whose name was noted by the deputy as "Bernie Davis" on the service return; and, b) what U.S. Bank's response is to Bernard Shuemaker's interest in purchasing the property. Counsel shall be authorized to respond to this interest or shall bring an agent for the plaintiff who has such authority at the time of the hearing. Bernard Shuemaker is directed to appear at the hearing to testify on these issues.