**Knox v. Patterson**

150

*Richard H. Knox,* pro se.
*Willie Pollins,* for defendant.

MOSS, *J.,* January 11, 2011—The issue is whether the petition to open/strike judgment of May 24, 2010 should have been granted. For the foregoing reasons, we denied said petition.

## Facts and Procedural History

Petitioner Richard H. Knox ("Knox") is an octogenarian attorney representing himself, who on January 22, 2009 filed a complaint alleging breach of contract against defendant Bishop Anthonee Patterson ("Patterson") for alleged non-payment of his legal fees. Knox was retained in 2008 for a matter dealing with the transfer of money from a decedent's estate. Whether Patterson was retained as a principal or an agent of the church is disputed.

Originally, a judgment of non pros was entered, pursuant to Pa.R.C.P. 1303(b)(2), when all parties failed to appear for the September 15, 2010 arbitration. This judgment was later stricken on February 27, 2010 when Knox filed a motion to vacate judgment after admitting to having made a scheduling error. In that petition Knox claimed this was the first time he made such an error in an arbitration hearing or in a regular trial case. See Knox's first petition of relief from non-pros, 09/29/09, ¶ 3. Moreover, Knox promised to be more careful and to not make the same

error again. *Id.*

A new arbitration date was set for May 24, 2010. All parties were electronically noticed on March 2, 2010. Knox again failed to appear for arbitration. A second judgment of non pros was entered that day. Subsequently, Knox filed a petition to strike/open judgment on June 17, 2010. While this petition was originally granted, a subsequent reconsideration motion and oral argument led the court on September 28, 2010 to deny Knox's petition. Knox now appeals.

Knox originally argued that he had not received notice of the arbitration. See Knox's second petition of relief from non-pros, 06/17/10, ¶¶3, 7. However, Patterson denied that Knox lacked notice and attached the electronic filing notifying the parties of the arbitration date. See Patterson answer to second petition of relief from non-pros, 07/07/10, ¶2, Ex. A. Subsequently, Knox argued while he has been practicing law for over fifty (50) years, he is not proficient in electronic communication and not familiar with e-mail. See Knox supplemental petition, nunc pro tunc to open/strike judgment, 07/13/10, ¶¶8-10. He stated when he became aware of the second non pros judgment, he had not checked his e-mail for four (4) months, despite the mandatory e-filing system in Philadelphia,[1] of which he claims to have not been aware. See generally *Id.* Knox's wife was his legal secretary for

---

1. The court implemented the electronic filing system in 2008. It became a mandatory requirement on January 5, 2009 at 9:00 AM, pursuant to Philadelphia Local Rule No. *205.4.

thirty-six (36) years and performed all the electronic work. *Id.* ¶4. However, during the relevant period, he claims she was absent from work because of a temporary disabling injury. See *Id*. ¶¶5-6. Therefore, Patterson argues he never received notice of the second arbitration on May 24, 2010. *Id.* ¶9.

## Discussion

The petition to open/strike judgment of May 24, 2010 should be denied. "A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion." *Schultz v. Erie Ins. Exchange,* 505 Pa. 90, 93, 477 A.2d 471, 472 (Pa. 1984) (internal citations omitted). "The court will *only* exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; *and* (3) the failure to appear can be excused." *Id.* (first emphasis added; second emphasis in original). "A lower court's ruling refusing to open a default judgment will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion." *Id.* (citing *Balk v. Ford Motor Co.,* 446 Pa. 137, 139, 285 A.2d 128, 131 (1971)).

This court did not abuse its discretion and did not make a clear error of law. There are at least two strong reasons why this court properly exercised its discretion to deny Knox's petition. First, Knox's petition was not timely and fails the first prong of the three part test. A petition to open judgment must be filed within ten days after the judgment is entered on the docket. See Pa. R.C.P. 237.3(b). The

second judgment of non-pros was entered and docketed May 24, 2010. Electronic notice of this judgment was given June 1, 2010. Knox filed his petition June 17, 2010. This was seventeen days after he received electronic notice and well past the ten-day deadline. Therefore, Knox's petition was untimely. Under the conjunctive three-pronged test, Knox's petition failed the first prong.

Second, Knox failed the third prong in providing a valid excuse for his failure to appear. Post-trial relief may be granted if a satisfactory excuse is given. *Breza v. Don Farr Moving & Storage Co.,* 828 A.2d 1131, 1134 (Pa. Super. 2003) (citing Pa. R. C.P. 218). An excuse is satisfactory if it would constitute a valid ground for a continuance. *Id.* Examples include illness of counsel, a party, or a witness, etc. *Id.* at 1135 (internal citations omitted). Lack of notice after the paper mailing of an arbitration notice has been deemed an unsatisfactory excuse for post-trial relief. *Id.*

While *Farr* can technically be distinguished because it dealt with a mailed, hard-copy, the case is nevertheless analogous. Considering e-filing and electronic noticing is now the mandatory system in Philadelphia County, e-mail notification is analogous to the farr paper mailing. Moreover, Knox does not allege he didn't receive the court's email notification. Rather, he asserts lack of notice because he did not know how to retrieve this email.

Digging deeper, Knox's negligence is even more apparent. First, Knox knew his wife (i.e. secretary) was temporarily disabled and could not check electronic

notices. Knox, a very experienced attorney with an active caseload, knowing he was computer illiterate, should have ensured any important communication was discovered during her absence. First, he could have learned Philadelphia's e-filing notification system. Second, he could have hired a temporary secretary to fill the gap. Knox, however, did nothing. He just let his electronic communications pile up until his wife returned.

What makes Knox's nonfeasance more egregious is that it was the second time it happened. Moreover, he promised to be "more careful" after his first petition to open was granted February 27, 2010. Knox knew to expect notification of a new arbitration date. Yet he never bothered to inquire after a hard-copy notification did not arrive. At the very least, an individual embarrassed about missing an earlier arbitration date and given a second chance should have followed through on his promise to be "more careful" by taking extra precautions to appear at a second arbitration. A simple telephone call to the court during the almost three month period from March 2, 2010 to May 24, 2010 might have avoided this whole predicament.

Therefore, Knox did not provide a satisfactory excuse for missing the second arbitration date and thus fails the third prong.

Knox may or may not have a meritorious claim for the alleged non-payment of his legal fees. However, we do not

have to reach that question because petitioner has failed to satisfy two of the three required prongs.

## Conclusion

For the reasons stated above, our order denying the petitioner's petition to open/strike judgment of May 24, 2010 should not be disturbed.