**Rule 237.3    Relief from Judgment of [Non Pros] _Non Pros_ or by Default**

(a)     A petition for relief from a judgment of **[non pros]** _non pros_ or of default entered pursuant to Rule 237.1 shall have attached thereto a **[verified]** copy of the complaint**, preliminary objections,** or answer which the petitioner seeks leave to file.

(b)**(1)** If the petition is filed within ten days after the entry of **[the] a** judgment **of _non pros_** on the docket, the court shall open the judgment if the proposed complaint **[or answer]** states a meritorious cause of action **[or defense]**.

**(2)     If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.**

> Note:  Rule 236 requires the prothonotary to give notice of the entry of any judgment and to note in the docket the giving of the notice.
>
> The petitioner must act with reasonable diligence to see that the petition is promptly presented to the court if required by local practice.
>
> **[See]** _See Schultz v. Erie Insurance Exchange_, **[505 Pa. 90,]** 477 A.2d 471 (**Pa.** 1984) for the requirements for opening a judgment by default and **[Pa.R.C.P.]** Rule 3051 as to a judgment of **[non pros]** _non pros_. Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. The requirement of this rule for proceeding within ten days is not intended to set a standard for timeliness in circumstances outside this rule.
>
> **[A defendant who seeks to file a pleading other than an answer is not entitled to the benefit of this rule but must comply with the requirements of _Schultz v. Erie Insurance Exchange,_ supra.]**

**[See]** <u>*See*</u> Rules 206.1 through 206.7 governing petition practice.

**Explanatory Comment—1994**

**[*Rule 237.3.  Relief from Judgment of Non Pros or by Default.*]**

Rule 237.3 governs relief from a judgment by default or of **[non pros]** *non pros*. Subdivision (a) requires that a **[verified]** copy of the complaint**, preliminary objections,** or answer sought to be filed be attached to the petition for relief from the judgment. This enables the court to determine from the actual complaint**, preliminary objections,** or answer to be filed whether **[it]** **the complaint** alleges a meritorious cause of action**, one or more of the preliminary objections has merit,** or **the answer alleges a meritorious** defense.

Subdivision (b) eases the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment. If the petitioner files a petition for relief from **[the]** **a** judgment **of** *non pros* within ten days after entry of the judgment on the docket, the rule requires the court to open the judgment if the proposed complaint **[or answer]** states a meritorious cause of action **[or defense]**.  **If the petitioner files a petition for relief from a default judgment within ten days after entry of the judgment on the docket, the rule requires the court to open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.**  The rule provides a date certain from which to measure the ten-day period and the language establishing the beginning of that period is derived from Rule 1308 governing appeals in compulsory arbitration.

Case law has imposed three requirements for opening a judgment by default: a petition timely filed, a reasonable explanation or legitimate excuse for the inactivity or delay and a showing of a meritorious defense. Rule of Civil Procedure 3051 similarly states these three requisites for opening a judgment of **[non pros]** *non pros*, substituting the showing of a meritorious cause of action rather than a meritorious defense. Rule 237.3(b) presumes that a petition filed within the required ten-day period is both timely and with reasonable explanation or legitimate excuse for the inactivity or delay. In this context, subdivision (b) requires that the judgment be opened if the petitioner attaches to the petition a **[verified]** complaint **which states a meritorious cause of action, one or more preliminary objections which has merit,** or **an** answer which states a meritorious **[cause of action or]** defense. A note to the rule cautions that the rule is not intended to change the law relating to the opening of judgments in any way or to impose a new standard of timeliness in cases outside the limited circumstances set forth in the rule.

Illustrations

In illustrations 1 through 3, the defendant has failed to plead within the required time to a complaint containing a notice to plead.

3

1.	Prior to receiving a notice of intention to enter a default judgment, defendant seeks an agreement with the plaintiff for an extension of time in which to plead. The parties may certainly agree to an extension of time and proceed in accordance with their agreement. However, such an agreement is really unnecessary since the plaintiff cannot enter judgment without giving the ten-day notice required by the rule and the ten-day notice cannot be waived. Defendant may plead within the time up to the date of mailing or delivery of the notice plus ten days. This period of time may be more than might be provided by any agreement. In addition, there is no danger of a judgment being entered as the required notice has not been given.

2.	Defendant has received the ten-day notice but cannot file the pleading within the ten-day period. Now, as provided by Rule 237.2, it is appropriate to seek an agreement to extend the time in which to plead since the plaintiff has given the notice which is prerequisite to the entry of judgment and actual entry of the judgment is imminent.

3.	Defendant has received the ten-day notice and obtained an agreement extending the time to plead. However, defendant does not plead within the agreed time. Plaintiff may enter judgment by default without further notice as provided by Rule 237.2 and the form of agreement set forth in Rule 237.6.

In illustrations 4 **[through 6]** **and 5**, the plaintiff has entered a valid judgment by default against the defendant and the prothonotary has entered the judgment in the docket and noted the date thereof. Thereafter, the defendant files a petition to open the judgment.

4.	The defendant files the petition to open the judgment within ten days of the date on which the prothonotary entered the judgment on the docket and seeks leave to file the answer attached to the petition. The defendant is entitled to the benefit of Rule 237.3(b)**(2)** by timely filing the petition and attaching an answer. Rule 237.3(b)**(2)** requires the court to open the judgment upon the defendant demonstrating to the court that the filing of the petition was within the ten-day period and that the answer attached to the petition states a meritorious defense.

**[5.	The defendant files the petition to open the judgment within ten days of the date on which the prothonotary enters the judgment on the docket and seeks leave to file the preliminary objections attached to the petition. The defendant is not entitled to the benefit of Rule 237.3(b) because, although the petition is timely filed, the rule does not provide for preliminary objections to be attached to the petition. A defendant who wishes to file preliminary objections upon the opening of a judgment must proceed pursuant to case law and meet the**

4

**standards set forth in** *Schultz v. Erie Insurance Exchange*, **505 Pa. 90, 477 A.2d 471 (1984), cited in the note to the rule.]**

      **[6]** <u>5</u>. The defendant files a petition to open the judgment more than ten days after the date of entry of the judgment on the docket. The petition to open is not within the scope of Rule 237.3(b) which requires that the petition be ''filed within ten days after the entry of the judgment on the docket''. The defendant must proceed pursuant to case law and meet the standards of *Schultz v. Erie Insurance Exchange*, **[505 Pa. 90,]** 477 A.2d 471 (<u>Pa.</u> 1984).

      Although these illustrations use the example of the entry of a judgment by default and a petition to open the judgment, they are adaptable and thus equally applicable to the entry of a judgment of non pros for failure to file a complaint and a petition to open such a judgment.

**[Explanatory Comment -- 2001**

      **The amendment to the Note clarifies the procedure when a defendant, upon the opening of a default judgment, intends to file preliminary objections, a pleading not encompassed by this rule. Contrary to the holding of the Commonwealth Court in** *Peters Township Sanitary Auth. v. American Home and Land Dev. Co.*, **696 A.2d 899 (Cmwlth Ct. 1997), preliminary objections are not an appropriate attachment to a petition to open a default judgment under Rule 237.3.**

      **Clarifying amendments have been made to the 1994 Explanatory Comment.]**

* * *
