J-A18028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ROBERT L. REICHLE, AS POWER ATTORNEY FOR EMILY REICHLE MARY JUANITA LIPTAK, PETITIONER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT L. REICHLE | No. 426 WDA 2017 |

Appeal from the Order February 10, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD-17-000769

BEFORE:  BOWES, J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.:          **FILED OCTOBER 27, 2017**

Robert L. Reichle appeals, *pro se*, from the order of the Court of Common Pleas of Allegheny County which denied his petition to open/strike.[1] Upon careful review, we affirm.

This matter involves two separate proceedings, only the latter of which is currently before us.  The first, a surcharge action, was brought before the Orphans' Court Division.  That record is not before this Court, but the facts

_____

[1] In his notice of appeal, Reichle purports to appeal from two orders:  the February 10, 2017 order denying his petition to open/strike and the March 2, 2017 order denying his motion for reconsideration.  Pennsylvania case law is clear that the refusal of a trial court to reconsider a final decree is not reviewable on appeal. ***Provident Nat. Bank v. Rooklin***, 378 A.2d 893, 897 (Pa. Super. 1977).  Rather, an appeal properly lies from the underlying final order.  We have amended the caption accordingly.

and circumstances are relevant here. We have gleaned the following background from the memorandum decision issued by this Court in affirming the surcharge order entered in the Orphans' Court. *See Reichle v. Liptak*, 802 WDA 2015 (Pa. Super. filed 8/24/16) (unpublished memorandum decision).

On February 2, 2005, Emily Reichle ("Principal") executed a power of attorney granting her son, Appellant Reichle, the power to act as her agent. *Id.* at 1. On April 29, 2013, Principal's daughter, Appellee Mary Juanita Liptak, filed in the Allegheny County Orphans' Court a petition for citation seeking an order directing Reichle to file an account of his agency. *Id.* On May 16, 2013, the court entered an order directing Reichle to file an account. When Reichle did not comply, sanctions were imposed, fines accumulated and incarceration was threatened. *Id.* at 2. Reichle finally filed his account on January 2, 2014, and Liptak filed objections. *Id.*

The matter proceeded to trial, after which, on January 16, 2015, the Orphans' Court entered an order imposing a surcharge against Reichle in the amount of $497,215.11. *Id.* Reichle appealed the surcharge order, raising issues of standing, laches, and the statute of limitations; it appears that Reichle did not challenge the propriety of the surcharge itself. This Court affirmed on August 24, 2016. *See id.* Reichle did not seek allowance of appeal to our Supreme Court.

At some point in the proceedings, Principal died. The record does not indicate when Principal died, and her estate was never made a party to

these proceedings. Indeed, it does not appear that an estate was ever raised.

On January 13, 2017, Liptak filed a *praecipe* to enter judgment on a non-jury verdict in the civil division for purposes of execution. On January 31, 2017, Reichle filed a petition to open/strike the judgment, purportedly pursuant to Pa.R.C.P. 2959, in which he asserted that any right to enforce the underlying judgment "inures to the Executor or personal representative of any estate in an Orphan[s'] Court proceeding in the name of Emily Reichle." Petition to Open/Strike, 1/31/17, at ¶ 12. Reichle also relied upon Pa.R.C.P. 206.4, asserting that the judgment "on its face has no legal basis" and should thus be stricken. *Id.* at ¶ 16. Reichle asserted that Liptak and her counsel:

> are and were aware of the Superior Court decision that specifically delineates that the rights under the surcharge were those of the decedent Emily Reichle, as Principal, against Robert L. Reichle, as agent-in-fact; and . . . have intentionally attempted to "bootstrap" a surcharge entered in favor of Emily Reichle, as Principal, against her son Robert L. Reichle, as her agent-in-fact to a judgment in favor of Ma[r]y Juanita Liptak against Robert L. Reichle.

*Id.* at 14 (emphasis in original).

By order dated February 10, 2017, the trial court denied Reichle's petition to open/strike. On February 15, 2017, Reichle filed a motion for reconsideration, which the court denied on March 2, 2017. In doing so, the court concluded that Reichle's purpose in moving to open/strike the judgment was "to re-litigate the surcharge proceedings which had been

- 3 -

decided against him and sustained on appeal" and that the surcharge order was a final judgment which was properly transferred to the civil division for execution. Memorandum Order, 3/2/17, at 2. This timely appeal follows, in which Reichle raises the following issues for our review:

1. The court's refusal to open/strike the judgment entered by Mary Juanita Liptak and refusal to grant [r]econsideration were errors as a matter of law because [Reichle] acted without undue delay in seeking to open or strike the judgment entered and asserted an unassailable and meritorious defense to the judgment entered and otherwise complied with the mandates of **Schultz v. Erie Insurance Exchange**, 477 A.2d 471 (Pa. 1984).

2. The court's refusals to open/strike the judgment entered by Mary Juanita Liptak and/or to grant reconsideration on that refusal or to set [a] hearing to develop [a] factual basis for addressing the opening/striking of the Liptak judgment, constituted an erroneous endorsement of the entry of the surcharge/judgment in favor of [Reichle's] mother as the equivalent of a judgment for [Reichle's] sister, thereby resulting in an unconstitutional taking of [Reichle's] property in violation of [Reichle's] constitutional rights of protection of property or proprietary interests, without the procedural due process rights having been afforded [Reichle].

Brief of Appellant, at 15.

Reichle first asserts that the trial court erred in refusing to grant his petition to open/strike because he acted without undue delay, asserted a meritorious defense, and otherwise complied with the mandates of **Schultz**. Reichle is entitled to no relief.

In seeking to open/strike the judgment in this matter, Reichle relied upon rules of court pertaining to the striking or opening of judgments by confession and default judgments. Likewise, **Schultz** concerns the opening

of a default judgment. This matter, however, involves a judgment entered on a non-jury verdict that has been affirmed on appeal. As such, none of the rules of court invoked by Reichle is relevant to the instant matter and they provide no basis for opening or striking the judgment entered in this case.[2]

Reichle's second and final claim asserts that the court's refusal to strike or open the judgment constitutes an unconstitutional taking of his property without due process of law. This argument is patently meritless. The basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case. ***Commonwealth v. Turner***, 80 A.3d 754, 764 (Pa. 2013). Here, judgment was entered on a surcharge order issued following a full hearing on the merits. Reichle was provided notice and an opportunity to be heard in the Orphans' Court, which possesses jurisdiction over all matters pertaining to the exercise of powers

---

[2] Even if we were to apply the framework of Rule 2959, Reichle would be entitled to no relief. A petitioner seeking to open a default judgment must establish *prima facie* grounds to open judgment before a rule to show cause may issue to compel a response. Pa.R.C.P. 2959(b). Such a *prima facie* showing must include a demonstration that: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused. ***Schultz***, 477 A.2d at 472. Here, Reichle does not dispute the propriety of the underlying surcharge, which is the sole basis for the judgment. Thus, he is unable to demonstrate a meritorious defense, as required under ***Schultz***, and his claim must fail.

by agents acting under powers of attorney as provided in Chapter 56 of the Probate, Estates and Fiduciaries Code, 20 Pa.C.S.A. §§ 5601 *et seq*. Reichle filed an appeal to this Court, which affirmed the surcharge, and declined to seek allowance of appeal to the Supreme Court. He cannot now assert that he has been deprived of procedural due process.[3]

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2017

_____

[3] We agree with Reichle that there exists a possible ambiguity as to the identity of the judgment creditor. In her brief, Liptak asserts that she, individually, is the rightful judgment creditor, because she was allegedly the co-owner, either by joint tenancy or right of survivorship, of the accounts from which Reichle wrongfully withdrew money using his authority as agent under Emily Reichle's power of attorney. Reichle, on the other hand, argues that the Estate of Emily Reichle is entitled to the surcharge. Based on the certified record before us, which does not include the underlying Orphans' Court proceedings, we have no means by which to ascertain the identity of the party properly entitled to enforce the judgment against Reichle. Ultimately, it would be for the personal representative of Emily Reichle's estate, if and when appointed, to challenge Liptak's entitlement to the funds in question. That issue, however, is not properly before us.