J-S17017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DILPREET BAJWA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IBRAHIM I. MAHMOUD AND AMIRA | : | |
| TIBIN | : | |
| | : | No. 2584 EDA 2018 |
| Appellants | : | |

Appeal from the Order Entered July 19, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  00831 February Term, 2018

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 07, 2019**

Appellants, Ibrahim I. Mahmoud and Amira Tibin, appeal *pro se* from

the order entered on July 19, 2018, which denied their petition to open default

judgment.  We affirm.

The trial court explained:

> The underlying matter in this case is a dispute over damages
> to a home that [Plaintiff, Dilpreet Bajwa (hereinafter
> "Plaintiff")] leased to [Appellants].  Plaintiff brought suit in
> Municipal Court.  On January 16, 2018, the Municipal Court
> entered judgment for [Appellants].  Plaintiff appealed to the
> Court of Common Pleas on February 12, 2018.  Plaintiff filed
> an affidavit averring that [Appellants] were personally served
> with [the] notice of appeal and [the] case management order
> on February 18, 2018.  Plaintiff filed a complaint on March 6,
> 2018 and certified that a copy of the complaint was served
> on [Appellants'] by first class mail.  [Appellants] failed to file
> an answer within [20] days of receiving the complaint.
>
> [The] parties attended a settlement conference on April 3,
> 2018.  The parties did not reach a resolution at the settlement

conference. Plaintiff sent [Appellants] a notice of intent to enter default judgment on April 3, 2018. Plaintiff filed a *praecipe* to enter default judgment on April 17, 2018.

Trial Court Opinion, 12/7/18, at 1-2 (some capitalization omitted).

On April 23, 2018, Appellants filed a petition to open the default judgment. However, Appellants did not attach a responsive pleading to their petition to open. *See* Pa.R.C.P. 237.3(a) ("A petition for relief from a judgment . . . of default . . . shall have attached thereto a copy of the . . . preliminary objections[] or answer which the petitioner seeks leave to file."). On July 19, 2018, the trial court held a hearing on Appellants' petition and, at the conclusion of the hearing, the trial court denied Appellants' petition. Appellants filed a timely notice of appeal.[1]

_____

[1] The trial court ordered Appellants to file and serve a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellants listed the following claims in their Rule 1925(b) statement:

> [1.] We acknowledge notice of appeal was received but the complaint was not, so we had no knowledge of it nor opportunity to respond to the complaint such that default should not have been entered. Especially in light of the fact we prevailed in the Municipal Court. [Plaintiff] has not presented evidence to the contrary that he properly served the complaint.
>
> . . .
>
> [2.] The judge did not make the decision based on law and evidence.
>
> [3.] The judge argued that Amira Tibin and her petition to open default judgment was denied because she is not a

- 2 -

Among other procedural violations in Appellants' brief is the absence of

a Rule 2116(a) statement.  Normally, this would result in the automatic waiver

_____

> lawyer.    [Appellants'] words should be taken into consideration equally as much as the Plaintiff's lawyer.
>
> [4.] The judge should ask both [Appellants] questions not just Amira, the judge did not ask Ibrahim any questions and immediately denied the petition to open default judgment before Ibrahim could defend himself against the Plaintiff's lawyer's claim that Ibrahim was given a copy of the complaint during the April 3rd conference.
>
> [5.] The judge did not listen to [Appellants] when the Plaintiff's lawyer said the supplement was added to the petition to open default judgment by Amira Tibin in May claiming that time was a factor, the judge should look at the evidence and know that time wasn't a factor because [Appellants] filed a petition to open default judgment on April 23rd, while the default judgment was entered on April 17th.
>
> [6.] The judge asked Amira why she didn't pay the Plaintiff the judgment money.  The judge did not take Amira's words that Amira doesn't owe the landlord any [(illegible)] paid rent every month, moved on time, left the house in good condition, and paid the water bill.  The Plaintiff removed parts of the original lease and submitted the edited version to the court.
>
> . . .
>
> [7.] The Plaintiff did not serve [Appellants] with any default judgment notice.  The Plaintiff instead sent a letter stating that the Plaintiff served [Appellants] with the ten day notice of intent to enter default judgment on April 2nd, 2018 via first class mail.

Appellants' Rule 1925(b) Statement, 9/12/18, at 1-7 (some capitalization omitted).

of Appellants' claims on appeal. **See** Pa.R.A.P. 2116(a) ("The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.**") (emphasis added). However, as we are able to ascertain from Appellants' brief that the crux of their argument is that the trial court erred in denying their petition to open the default judgment, we will address that issue.[2]

As our Supreme Court held in **Schultz v. Erie Insurance Exchange**: "A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused." **Schultz v. Erie Ins. Exch.**, 477 A.2d 471, 472 (Pa. 1984).

Pennsylvania Rule of Civil Procedure 237.3, entitled "Relief from Judgment of *Non Pros* or by Default," was adopted after our Supreme Court's opinion in **Schultz**. Rule 237.3 provides:

---

[2] **See Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996) (noting that "this court is willing to liberally construe materials filed by a *pro se* litigant," but warning that an "appellant is not entitled to any particular advantage because she lacks legal training") (quotations and citations omitted).

> (a) A petition for relief from a judgment of *non pros* or of default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, or answer which the petitioner seeks leave to file.
>
> . . .
>
> (b)(2) If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.C.P. 237.3.

However, as the note to Rule 237.3 makes clear, "Rule 237.3 does not change the law of opening judgments;" rather, the three required elements, as specified by our Supreme Court in **Schultz**, are applicable to every petition to open a default judgment. Pa.R.C.P. 237.3 note. The effect of Rule 237.3 is simply that, when a party attaches a proposed answer or proposed preliminary objections to a petition to open, the rule "supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment." Pa.R.C.P. 237.3 note.

In this case, Appellants did not attach a proposed responsive pleading to their petition to open. As such, Appellants' "petition to open is not within the scope of Rule 237.3(b);" and, for Appellants to be entitled to relief, Appellants must "proceed pursuant to case law and meet the standards of **Schultz**." **Id.** However, as the trial court explained, Appellants failed to meet

the standards of **Shultz** because Appellants did not show that they have a meritorious defense to Plaintiff's claims and Appellants did not demonstrate that their "failure to appear can be excused." **See Schultz**, 477 A.2d at 472. The trial court stated:

> Here, [Appellants] have not submitted any evidence of a meritorious defense.  [Appellants] claimed at the July 19, 2018 hearing that they do not owe Plaintiff any money, but did not substantiate these claims.
>
> Further, [Appellants] did not present an excuse for their failure to appear.  [Appellants] claim they failed to appear because they were not served with Plaintiff's complaint. However, an affidavit of service was filed on March 14, 2018, evidencing proper service.  Moreover, [Appellant] Mahmoud attended the April 3, 2018 settlement conference. [Appellant] Mahmoud would only have known to attend the settlement conference because this information was served on him.   [Appellant] Tibin even acknowledged that [Appellants] received something in the mail but stated "this does not apply to us."
>
> Based on the above, [Appellants did not establish] . . . a meritorious defense[] or show[] that the [trial] court should excuse their failure to appear.  Therefore, [Appellants did] not meet the requirements for the [trial] court to open the default judgment.

Trial Court Opinion, 12/7/18, at 3-4 (citations and some capitalization omitted).

We agree and conclude that the trial court did not err when it refused to open the default judgment against Appellants.

Next, Appellants claim that the trial court erred in denying their petition to open because Plaintiff "did not serve [Appellants] with any default judgment

- 6 -

notice." Appellants' Brief at 3-4. The record belies Appellants' claim. Certainly, the docket entry for April 17, 2018 declares:

> Praecipe for entry of default judgment filed. Judgment in favor of [Plaintiff] and against [Appellants] for failure to file answer within required time. Pro-prothonotary. **Notice under Rule 236 given**. **Notice under 237.1 given**. Affidavit of non-military service filed. Damages assessed: $9,141.95.

Docket Entry, at 4/17/18 (emphasis added); *see also* *Praecipe* to Enter Judgment by Default, 4/17/18, at Certificate of Service.

The record clearly reflects that Appellants were given notice that default judgment was entered against them. Appellants' claim to the contrary fails.

Appellants also claim that the trial court erred in denying the petition to open default judgment since "[t]he trial court did not properly consider the evidence Appellants presented" and "[t]he trial court was biased against Appellants because they were *pro se*." Appellants' Brief at 7-11. The former claim fails because Appellants did not present any evidence during the July 19, 2018 hearing that would have enabled the trial court to open the default judgment. *See* N.T. Hearing, 7/19/18, at 1-13. The latter claim fails because the trial court actually provided Appellants with greater protection due to their *pro se* status. To be sure, Appellants failed to attach a responsive pleading to their petition to open and Appellants' petition did not allege a meritorious defense. *See* Appellants' Petition to Open Default Judgment, 4/23/18, at 1-5; Appellants' Supplement to Petition to Open, 5/2/18, at, 1-3. The trial court could have thus simply denied Appellants' petition outright. Rather than doing

so, the trial court held a hearing on the petition, to see whether Appellants could supplement their petition with testimony or evidence to demonstrate that they were entitled to open the default judgment. *See* N.T. Hearing, 7/19/18, at 11-12 (the trial court explained to Appellant Tibin: "Ma'am, I know you're not a lawyer, but there are some things that have to be met before I open a default judgment. Based upon your testimony today, that has not been satisfied. So unfortunately, by law I cannot open this judgment against you because the certain elements that need to be met have not been met today. That's why I asked you a series of questions to try to see if I can get some information to see if I could open it").

Appellants simply failed to produce any evidence that would have enabled the trial court to open the default judgment; and, as a result, Appellants are not entitled to any relief on appeal.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/19