J-A23030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEREMY C. JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GLOBAL DOC PREP INC., CATHERINE | : | |
| RUDNICK AND ANDREW RUDNICK | : | |
| | : | No. 1522 MDA 2020 |
| Appellants | : | |

Appeal from the Order Entered October 20, 2020
In the Court of Common Pleas of Centre County Civil Division at No(s):
18-3628

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.<sup>*</sup>

MEMORANDUM BY BENDER, P.J.E.:      **FILED: NOVEMBER 8, 2021**

Global Doc Prep Inc., Catherine Rudnick, and Andrew Rudnick (Appellants) appeal from the order, entered on October 20, 2020, that denied their petition to open a default judgment in the amount of $85,000.00, which had been initiated by Jeremy C. Jackson (Appellee).  After review, we affirm.

The trial court provided the following recitation of the history of the matter in its Memorandum and Order that denied Appellants' petition to open the judgment, stating:

> Before the court is [Appellants'] Petition to Open Default Judgment filed on June 26, 2020.  The Petition challenges the entry of a default judgment in the amount of $85,000 requested by [Appellee] on July 1, 2019.  Although no Notice to Plead was attached to the petition, [Appellants] filed an Answer on July 8, 2020.  On July 13, 2020[,] the court issued a Rule upon [Appellee] to show cause why the [Appellants] should not be entitled to the

---

<sup>*</sup> Former Justice specially assigned to the Superior Court.

relief requested. The court further ordered that the petition should be decided under Pa.R.C.P. 206.7[,] and that depositions should be completed within sixty days. At the time fixed by the court for argument on the petition in the original Rule to Show Cause order, October 6, 2020, no testimony, depositions, or exhibits were offered by [Appellants].

Procedurally, a Complaint filed September 14, 2018[,] alleged that [Appellants] violated the Telephone Consumer Protection Act, 47 U.S.C. Section 227, the Unfair Trade Practices and Consumer Protection Law, 73 P.S. Section 201-1 *et seq*, and the Telemarketer Registration Act, 73 P.S. Section 2241 *et seq*. The [Appellants], *pro se*, filed an Answer to which [Appellee] filed Preliminary Objections on November 9, 2018. The Preliminary Objections were sustained by the court without argument on May 3, 2019, and [Appellants] were given thirty days in which to file a conforming Answer to the original Complaint. No further pleadings were filed by the [Appellants,] notwithstanding the fact that the Prothonotary['s] record indicates that all pleadings and notices were sent to the [Appellants'] original service address of 4942 NW23rd Court, Boca Raton, FL 33431. A default judgment was duly entered by the Prothonotary upon praecipe of [Appellee]. The judgment was assigned to James E. Shelton[,] who proceeded to transfer the judgment to the State of Florida and attempted to commence a collection proceeding. It was only upon learning of the planned collection proceeding in Florida that [Appellants] engaged a Pennsylvania attorney for help in defending the civil action and judgment.

Trial Court Memorandum and Order (TCMO), 10/20/2020, at 1-2 (unnumbered).

In Appellants' petition to open the default judgment, they claimed that after receipt of the original complaint, they never received any documents from either Appellee or the trial court. The trial court noted that all documents were sent to the same address in Boca Raton, Florida, where Appellants had received the original complaint, and that none of the mailings were returned to sender as undeliverable. Moreover, the court mentioned that the mailings

totaled approximately thirty documents. Appellants did not submit any documents or deposition testimony to counter these facts and they offered no explanation as to why documents sent by first class mail would not be delivered or returned to the sender. Appellee's response rests on his contention that Appellants' allegations were not credible and the trial court agreed.

In addition to determining credibility, the court relied on Pa.R.C.P. 206.7, which provides:

> **Rule 206.7. Procedure After Issuance of Rule to Show Cause**
>
> (a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.
> (b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.
> (c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the subdivision.
> (d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.C.P. 206.7. The court explained its reliance on this Rule by stating:

> Further, as we read Rule 206.7 that where no depositions are taken then all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted. [Appellee's] denial of paragraph 4 of the [p]etition wherein [Appellants] aver[] that the [they] were experiencing issues with mail being delivered to their residence and that mail addressed to

them was frequently not delivered is deemed to be admitted where, as here, the [Appellants] failed to support its assertion with deposition testimony.

TCMO at 3 (unnumbered). Therefore, based upon its credibility determinations and the dictates of Rule 206.7, the trial court denied Appellants' petition to open the default judgment and this appeal ensued.

Appellants include the following issues for our review in their brief:

A. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter?

B. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter, since the facts, evidence and record in this matter do not warrant the denial of the subject Petition?

C. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter, since the facts, evidence and record in this matter reflect that Defendants[/Appellants] received no further pleadings, orders or communications regarding this matter?

D. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter, since the facts, evidence and record in this matter reflect that Defendants[/Appellants] were experiencing issues with the delivery of mail and received no mail regarding this matter?

E. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter, since the facts, evidence and record in this matter reflect that Defendants[/Appellants] did not receive a copy of the preliminary objections, that Defendants[/Appellants] did not receive a copy of the Court's Memorandum and Order, that

Defendants[/Appellants] did not receive a copy of the Rule 236 Notice or Judgment and that Defendants[/Appellants] have a meritorious defense?

F. Whether the Trial Court erred as a matter of law and abused its discretion in denying the Petition to Open Default Judgment filed by Defendants/Appellants in this matter, since Defendants[/Appellants] have met the requirements of Schultz v. Erie Insurance Exchange,477 A.2d 471 (Pa. 1984), with regard to opening a default judgment?

G. Whether the Trial Court erred as a matter of law and abused its discretion when applying Pa. R.C.P. 206.7 as it applies to consideration of the Petition to Open Default Judgment filed by Defendants/Appellants in this matter?

Appellants' Brief at 4-6.

We begin by setting forth the standard of review that is applied to an appeal from a trial court's denial of a petition to open a default judgment.

> In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading. The standard of review for challenges to a decision concerning the opening of a default judgment is well settled.
>
> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.
>
> However, we will not hesitate to find an abuse of discretion if, after our o[w]n review of the case, we find that the equities clearly favored opening the judgment.
>
> An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result

of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

***Smith v. Morrell Beer Distributors, Inc.***, 29 A.3d 23, 25 (Pa. Super. 2011) (quoting ***Dumoff v. Spencer,*** 754 A.2d 1280, 1282 (Pa. Super. 2000) (internal quotation marks and citations omitted)).

However, before we address the merits of Appellants' issues, we note that appellate briefs must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. Rule 2119 provides that the argument section of an appellate brief "shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a). "Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived." ***Lackner v. Glosser***, 892 A.2d 21, 29 (Pa. Super. 2006) (citations omitted).

Here, Appellants present seven questions for our review; however, Appellants partially combine their arguments into an introductory page and two sections in contravention of Rule 2119(a). ***See*** Appellants' Brief at 14-22. Despite the fact that we could conclude that Appellants have waived all of their issues, we refrain from doing so in this case and respond to arguments Appellants have specifically presented in the two argument sections of their brief.

As for their first argument section, Appellants attempt to convince this Court that they have met the three factors as outlined in the **Smith** opinion. **See Smith**, 29 A.3d at 25. **See also Schultz v. Erie Ins. Exchange**, 477 A.2d 471 (Pa. 1984). Essentially, Appellants contend that they "promptly filed the Petition [to open], have a reasonable excuse for failing to appear and have an acceptable and reasonable explanation for the circumstances under which [Appellee] entered a Default Judgment against them." Appellants' Brief at 15. To support these assertions, Appellants identify many of the documents that they claim they did not receive and, due to the non-receipt, they were unable to comply with or provide responses to the various court orders and documents filed by Appellee. Accordingly, Appellants claim that the judgment order should be opened, which would allow them to present the "valid and meritorious defenses to the underlying [c]omplaint…." **Id.** at 17.

Appellants' second argument centers on their assertions countering the application of Rule 206.7. Specifically, they claim that Appellee's answers to their petition to open the default judgment are general denials or are conclusions of law that cannot be deemed admissions. Appellants also contend that additional information Appellee provides is based on information that he cannot know, such as, Appellants' actual receipt of mail, *i.e.*, the pleadings, orders and the judgment documents. Therefore, Appellants claim that the trial court should have granted their petition.

In its Memorandum and Order, the trial court explained the basis for its finding that Appellants' assertions regarding the non-receipt of over thirty documents was not credible.  *See* TCMO at 3.  We cannot re-examine findings of credibility.

Lastly, the trial court, in its Pa.R.A.P. 1925(a) opinion concluded:

> In summary, the Pa.R.C.P. 206.7 procedure empowered [Appellants] to take testimony and develop facts which would counter the speaking denials of [Appellee's] Answer to the Petition to Open Default Judgment.  At [the] hearing on the Petition to Open, [Appellants] offered no testimony or evidence, other than its pleadings of record, to counter [Appellee's] Answer.  As set forth in Pa.R.C.P. 206.7(c), "[i]f the petitioner does not do so (*i.e.*[,] take depositions or such other discovery as the court allows), the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of this subdivision."  On that basis we found it incredible that the [Appellants] failed to receive any further documents/correspondence/pleadings following the filing of their original Answer.

Trial Court Rule 1925(a) Opinion, 2/3/2021, at 1-2 (unnumbered).  Thus, the court denied Appellants' petition to open the default judgment.

Following our review, we conclude that the trial court did not err as a matter of law or abuse its discretion in denying Appellants' petition to open the default judgment.  Thus, we affirm the order from which this appeal arose.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/08/2021