J-S11017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| YAACOV BENAROSH AND BATYA BENAROSH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 3583 EDA 2017 |
| MICHAEL AXELROD AND JOAN AXELROD, INDIVIDUALLY, HIS HEIRS AND ASSIGNS, AND AS TRUSTEES OF THE MICHAEL AXELROD 2012 IRREVOCABLE TRUST, TRIAD REALTY, MARLENE ZARRETT AND BARE FEET SHOES | : | |

Appeal from the Order Entered October 5, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  150902664

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED APRIL 09, 2019**

Yaacov Benarosh and Batya Benarosh (Appellants) appeal from the order denying their petition to open the judgment of *non pros* entered against them.  We affirm.

The procedural history of this premises liability case is extensive and, as we discuss **infra**, includes several irregularities.  Because the trial court and the parties are familiar with the myriad filings in this case, we discuss only those filings that are pertinent to our review of Appellant's claims.

On September 25, 2015, Appellants filed the underlying complaint

through their attorney, Blake Berenbaum, Esquire.[1]  They alleged that on December 13, 2013, Appellant Yaacov slipped and fell on snow or ice outside a retail store, Bare Feet Shoes, located at 425 South Street, Philadelphia.  The complaint named ten defendants: (1) Michael Axelrod, "Michael Axelrod, individually of the Michael Axelrod 2012 Irrevocable Trust" (Michael Trust), "Michael Axelrod, individually, his heirs and assigns of the Michael Axelrod 2012 Irrevocable Trust," "Michael Axelrod, Trustee of the Michael Axelrod 2012 Irrevocable Trust," Joan Axelrod, "Joan Axelrod, individually of the Joan Axelrod 2012 Irrevocable Trust" (Joan Trust), and "Joan Axelrod, trustee of the Joan Axelrod 2012 Irrevocable Trust" (collectively, the Axelrods) — who allegedly owned the property; (2) Triad Realty, Inc. (Triad); (3) Marlene Zarett;[2] and (4) Bare Feet Shoes.  We refer to the Axelrods and Zarett, who have submitted all of their filings jointly, together as "Appellees."

On October 14, 2015, an affidavit of non-service was filed, stating that: service of the complaint was **not** made on Bare Feet Shoes; as of one year earlier, Bare Feet Shoes no longer occupied the 425 South Street property;

_____

[1] The trial docket reflects no further filings by Attorney Berenbaum in this case.  We note that in December of 2015, the Office of Disciplinary Counsel filed a professional misconduct petition against Attorney Berenbaum.  On April 20, 2017, the Supreme Court of Pennsylvania placed him on temporary suspension and on December 13, 2017, suspended him for one year and one day.  Supreme Court Order, 174 DB 2015; Supreme Court Order, 28 DB 2017, 4/20/17.

[2] Marlene's last name is also spelled as "Zarrett" throughout the record.

- 2 -

and furthermore, that another business, Eternity Fashion, was presently at the address. Appellees filed a joint answer and new matter. In response to the complaint's allegation that "Joan Axelrod, Trustee of the Joan Axelrod 2012 Irrevocable Trust is an adult individual and/or trust established and/or created under the laws of the state of New York," Appellees' answer admitted that Joan Axelrod was a citizen of New York, but denied "[t]he remaining allegations set forth in [the] paragraph." *See* Appellants' Complaint, 9/25/15, at ¶ 7; Appellees' Answer, 11/17/15, at ¶ 7. Triad filed a separate answer and new matter.

Over the next 12 months, Triad filed approximately seven motions, and Appellees filed approximately four motions, averring initially that Appellants failed to respond to their discovery requests and appear for depositions, and subsequently that Appellants repeatedly failed to comply with the court's orders compelling them to comply with discovery and appear for depositions. Appellants did not respond to any of the motions. The trial court granted relief on all the motions, issuing approximately eight orders.[3] We note that on November 23, 2016, the court held a hearing on Appellees' motion for sanctions and preclusion of Appellants' introduction of any evidence. Attorney Berenbaum did not appear at the hearing, but Susan Frank, Esquire, appeared "*per diem* on [his] behalf." *Id.* at 8. On November 28th, the court granted

---

[3] *See* Order, 11/28/16; Order, 10/12/16; Orders, 9/29/16 (three orders issued on this date); Order, 8/24/16; Order, 8/4/16; Order, 2/18/16.

Appellees' motion and precluded Appellants "from introducing any evidence at the time of trial/arbitration in this matter." Order, 11/28/16.

On November 29, 2016, Appellees filed a motion for summary judgment, arguing that because Appellants were precluded from presenting evidence in support of their negligence claims, Appellees were entitled to judgment as a matter of law. This motion named the movants as Michael Axelrod and Joan Axelrod, individually and as trustees of the Michael Trust and Zarett. The motion, however, did not specifically include Joan as trustee of the Joan Trust as a movant.

On December 6, 2016 — after Appellants not filing anything on the docket since their complaint 14 months earlier — present counsel, Alan Zibelman, Esquire, entered his appearance as "co-counsel." That month, Attorney Zibelman filed three motions seeking relief, including reconsideration of the order precluding Appellants from introducing any evidence at trial. The trial court denied all of Appellants' motions.[4] Appellants also filed an answer to Appellees' motion for summary judgment.

On March 6, 2017, the trial court granted Appellees' motion for summary judgment and dismissed all of Appellants' claims against them with prejudice. The order, however, did not mention Joan Axelrod in her capacity as trustee

---

[4] Order, 3/6/17; Order, 1/23/17; Order, 12/30/16; Order, 12/15/16.

of the Joan Trust. Order, 3/6/17. On April 24th, the parties filed a stipulation to dismiss Triad from the case.[5] On April 26th, Appellants praeciped for default judgment against Joan Axelrod in her capacity as trustee of the Joan Trust. Appellants' Praecipe to Enter Default Judgment, 4/26/17.

On May 16, 2017 — the day before scheduled trial[6] — Appellants filed a motion to amend their complaint. They sought to correct the designation of "Bare Feet Shoes" to "Bare Feet Shoes, Inc." and "Bare Feet Shoes and Accessories, LLC"[7] but specified that they did not intend to "bring[ ] any new entities into the . . . litigation." Appellant's Motion to Amend Complaint, 5/16/17, at 8 (unpaginated). The motion averred that Appellees knew that the lessee of the property was "Bare Feet Shoes and Accessories, LLC" but that the named insured was "Bare Feet Shoes, Inc." and withheld this information; Appellees "never advised Appellants" that Bare Feet Shoes had filed for Chapter 11 Bankruptcy; and Appellees' answer improperly presented general denials (rather than specific denials) in order "to withhold relevant

_____

[5] Meanwhile, we note, on April 5, 2017, the trial court had granted Triad's motion for preclusion and precluded Appellants "from introducing any evidence and/or testimony at the time of trial/arbitration in this matter." Order, 4/5/17. Triad had also filed a motion for summary judgment, but withdrew it following its dismissal from the case.

[6] *See* N.T. Hearing, 5/17/17, at 15 (trial court: "[This case] was scheduled to go to trial today.").

[7] *See* N.T., 5/17/17, at 14.

information." ***Id.*** at 4--8.

On the following day, May 17, 2017 — again, the date that trial was scheduled to commence — the trial court convened a hearing.[8] When the trial court questioned Appellants' entry of default judgment against Joan Axelrod as trustee of the Joan Trust, Appellants, represented by Attorney Zibelman, argued that Appellees' summary judgment motion did not specifically request any relief on behalf of Joan Axelrod as trustee. N.T., 5/17/17, at 5, 9. Appellees responded that, as indicated in their answer to the complaint as well as the trust origination documents, Joan Axelrod was not in fact a trustee of the Joan Trust, but instead merely a settlor. ***Id.*** at 6, 9. The trial court accepted Appellees' argument, concluded that Joan Axelrod — both individually and as trustee — was no longer in the case, and orally opened the default judgment against Joan Axelrod as trustee of the Joan Trust. ***Id.*** at 11. However, the court did not enter a corresponding written order to open the default judgment.[9]

_____

[8] Until the May 17, 2017 hearing, the Honorable John Younge presided over this case. Thereafter, the case was reassigned to the Honorable Sean Kennedy.

[9] Appellants have not challenged the lack of a written order, and indeed, have acknowledged that the default judgment was opened. ***See Jackson v. Hendrick***, 746 A.2d 574, 576 (Pa. 2000) (plurality) ("In some instances, oral orders, made on the record, need not be filed or entered on the docket in order to be valid."); Appellants' Memorandum of Law in Support of Petition for Relief from Judgment of *Non Pros*, 6/26/17, at 11 (unpaginated). For the sake of clarity, we direct that upon remand of the record, the trial court shall file

At the hearing, the trial court also denied Appellants' motion to amend the complaint, noting the "late date" and that over the course of three years, Appellants did nothing to identify the proper parties in this case. N.T., 5/17/17, at 15-16, 18-19. Although Attorney Zibelman initially argued that Appellees failed to inform Appellants "who the tenant was" or that Bare Feet Shoes was in bankruptcy, Attorney Zibelman conceded that neither he nor prior counsel served "discovery asking for those things." *Id.* at 13-15. The trial court pointed out that with "[t]he most preliminary type of discovery," Appellants could have determined who was responsible for snow removal. *Id.* at 19.

The trial court then concluded that the only remaining defendant in this action was Bare Feet Shoes but, as Attorney Zibelman acknowledged, Appellants failed to obtain proper service on Bare Feet Shoes, and Bare Feet Shoes did not file an answer.[10] *See id.* at 12, 20. Accordingly, the court

an order documenting its May 17, 2017 opening of the default judgment against Joan as trustee of the Joan Trust.

[10] Appellees' answer was entitled "Answer of Defendants, Michael Axelrod and Joan Axelrod, Individually, His Heirs and Assigns, and as Trustees of the Michael Axelrod 2012 Irrevocable Trust, **Triad Realty**, Marlene Zarrett, **and Bare Feet Shoes**, to Plaintiff's Complaint Together with New Matter." Appellees' Answer, 11/17/15, at 1 (emphases added). Possibly relying on this title, Appellants' motion to amend the complaint averred that Appellees' answer was also filed on behalf of Bare Feet Shoes. Appellants' Motion to Amend Complaint, 5/16/17, at 4. However, as Appellants' motion also acknowledged, Appellees' attorney had entered his appearance on behalf of the Axelrods and Zarett only. Furthermore, the body of Appellees' answer

dismissed Appellants' complaint. *Id.* at 24; Trial Court Opinion, 6/25/18, at 3. On May 23, 2017, the court issued an order entering judgment *non pros* against Appellants. The trial docket indicates that Pa.R.C.P. 236 notice was given on May 23rd.[11]

Thirty-four days later, on June 26, 2017, Appellants filed a counseled 50-page petition to strike the judgment *non pros*. Appellees filed a response, arguing that Appellants' petition was untimely pursuant to Pa.R.C.P. 237.3 and ***Schultz v. Erie Insurance Exchange***, 477 A.2d 471 (Pa. 1984).[12] On October 5th, the court denied Appellant's petition for relief, finding it was untimely filed beyond the 10-day period set forth in Pa.R.C.P. 237.3. Order, 10/5/17; Trial Court Opinion, 6/25/18, at 11.

Although Appellants were represented by Attorney Zibelman, they filed a *pro se* notice of appeal on November 2, 2017 and a *pro se* Pa.R.A.P. 1925(b)

---

referred to Triad and Bare Feet Shoes each as "a defendant other than the answering defendant." Appellees' Answer, 11/17/15, at 3. It thus appears that the inclusion of Bare Feet Shoes in the title of Appellees' answer was a typographical error. In any event, as stated above, Appellants conceded that Bare Feet Shoes did not file any answer in this case. N.T., 5/17/17, at 12.

[11] ***See*** Pa.R.C.P. 236(a)(2) ("The prothonotary shall immediately give written notice of the entry of . . . any . . . order or judgment to each party's attorney of record[.]")

[12] ***See*** Pa.R.C.P. 237.3(b)(1), *comment* (if a defendant files a petition to open judgment more than 10 days after entry of judgment, the defendant must comply with ***Schultz***, 477 A.2d 471).

statement on December 7th.[13]  Subsequently, on December 20th, the trial court issued an order directing Appellants to file a Rule 1925(b) statement, but no ensuing statement was filed.  The trial court filed an opinion on June 25, 2018. In this Court, Appellants initially proceeded *pro se*, until Attorney Zibelman entered his appearance on November 18, 2018.  He filed an untimely brief and Appellees filed a joint brief.  **See** Superior Court Order, 1/24/19 (denying Appellees' motion to quash or dismiss appeal but noting that Appellants' amended brief was untimely filed).

Preliminarily, we consider the trial court's suggestion that all of Appellants' issues are waived because their *pro se* Rule 1925(b) statement — which spanned 11 pages and raised 12 issues — was lengthy, confusing, and redundant.  Trial Court Opinion, 6/25/18, at 12, *citing* **Jiricko v. Geico Ins. Co.**, 947 A.2d 206, 210, 213 (Pa. Super. 2008) (*pro se* appellant's issues are waived because his court-ordered Rule 1925(b) statement was "an incoherent, confusing, redundant, defamatory rant" and presented "no legitimate appellate issue").  We also review Attorney Zibelman's failure to file a Rule 1925(b) statement after the court directed Appellants to file one.

In this case, at no time did Attorney Zibelman withdraw from his

---

[13] Appellants' *pro se* notice of appeal was properly docketed.  **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016) (this Court must docket a *pro se* notice of appeal even when the appellant is represented by counsel), *citing* Superior Court O.P. § 65.24 ("A *pro se* notice of appeal received from the trial court shall be docketed, even in instances where the *pro se* was represented by counsel in the trial court.").

representation of Appellants as "co-counsel." Thus, the trial court clerk of courts should not have docketed Appellants' *pro se* Rule 1925(b) statement, which was a legal nullity, and instead should have forwarded it to counsel. **See** Pa.R.A.P. 3304 (when a litigant, who is represented by an attorney, submits for filing a petition, motion, brief or any other type of pleading, it shall not be docketed but forwarded to counsel of record); **Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."); **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (*pro se* Rule 1925(b) statement by a represented criminal defendant is a legal nullity). The record and trial docket are silent, however, as to whether the statement was in fact forwarded to Attorney Zibelman.

In any event, the trial court issued a Rule 1925(b) order, with which, if properly served, Appellants were required to comply. The record does not include any accompanying certificate of service, and although the trial docket includes an entry for "Notice given under Rule 236," the docket does not indicate to whom notice was sent. Thus, we cannot conclude that the Rule 1925(b) order was properly served on Attorney Zibelman. **See In re Estate of Boyle**, 77 A.3d 674, 677-678 (to find waiver for failure to file court-ordered Rule 1925(b) statement, trial docket must show that notice of 1925(b) order was served on the parties). For all of these reasons, we decline to find waiver on the basis of a confusing and redundant *pro se* Rule 1925(b) statement or

the lack of a counseled Rule 1925(b) statement.  *See id.*

Appellants state their three issues for our review verbatim:

1. Should a judgment of *non pros* be reversed where the trial court's order granting the judgment was not supported by substantial evidence *non pros* was erroneous [sic] and an abuse of discretion because the trial court did not use the proper standard of review and was not supported by substantial evidence?

2. Did the lower court abuse its discretion by issuing a preclusion order against Appellants by the Appellees when the Appellees' counsel served written discovery questions on August 2, 2016 when Appellant was in the hospital and Appellees' counsel only obtained one compel order prior to portraying Appellant as willfully attempting to avoid providing discovery answers or undergo a deposition in their Motion for Sanctions, and the lower court abused its discretion when it granted the motion without the lower court of November 29, 2016 obtained by the Appellees be vacated when the Appellees first served their discovery on August 2, 2016 only obtained one discovery order which compelled Appellants['] written discovery and deposition testimony, which Appellants complied with, and Appellees except he willfully attempted was prepared to undergo, but Appellees' counsel thwarted them from taking place and would not make any attempt to reschedule Appellants' deposition prior to filing a Motion for Sanctions and failed to show the lower court any substantial evidence that Appellants were willfully non-compliant [sic]?

3.  Should Appellants be permitted to amend their complaint when the lower court abused its discretion by denying Appellants' motion to amend the caption . . . Appellee and Defendant, Bare Feet Shoes [sic] violated the clean hands doctrine by withholding the principals of Bare Feet Shoes, which was known to the Appellees when they answered Appellants' complaint three months prior to the statute of limitation, which they knew and was in their exclusive control and Appellants?

Appellants' Brief at 5.

In their first issue, Appellants allege that the trial court erred in applying

- 11 -

Pa.R.C.P. 237.3[14] to determine whether their petition to strike the judgment of *non pros* was timely. Instead, Appellants contend, the court should have applied Pa.R.C.P. 3051(c) and ***Jacobs v. Halloran***, 710 A.2d 1098 (Pa. 1998), the latter of which they aver applies to judgments of *non pros* "rendered as a result of 'inactivity' or a long delay in [the p]laintiffs prosecuting their . . . claims[.]" Appellants' Brief at 21-22. Appellants also assert that the court abused its discretion in granting Appellees' motion for summary judgment because the motion "was not supported by substantial evidence" and because Joan Axelrod, as trustee of the Joan Trust, was neither named as a moving party in the motion nor named in the trial court's order. ***Id.*** at 23.

"A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." ***Madrid v. Alpine Mt. Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011).

Pennsylvania Rule of Civil Procedure 237.3(b)(1) states:

> If the petition [for relief from a judgment of *non pros*] is filed **within ten day**s after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.

Pa.R.C.P. 237(b)(1) (emphasis added). The explanatory comment provides

---

[14] Although Appellants' brief averred that the trial court applied "Rule 236" ("Notice by Prothonotary of Entry of Order of Judgment"), the trial court's opinion states that it applied Rule 237.3. ***See*** Trial Court Opinion, 6/25/18, at 11; Appellants' Brief at 21.

that if a petition to open judgment *non pros* is filed more than 10 days after judgment, the petition "is not within the scope of Rule 237.3(b)" and instead, the party must proceed pursuant to ***Schultz***, 477 A.2d 471. Pa.R.C.P. 237(b)(1), *comment*; ***see also id.*** (these procedures apply equally to default judgments and judgments *non pros*). The Pennsylvania Supreme Court held, in ***Schultz***:

> A petition to open a judgment is addressed to the equitable powers of the court and is a matter of judicial discretion. The court will only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be excused.

***Schultz***, 477 A.2d at 472.

> Pennsylvania Rule of Civil Procedure 3051 provides in pertinent part:
>
> (c) If the relief [from a judgment of *non pros*] sought includes the opening of the judgment of *non pros* **for inactivity**, the petition shall allege facts showing that [list of factors.]
>
> *Note*: The "inactivity" covered by this subdivision is governed by and subject to ***Jacobs v. Halloran***, . . . 710 A.2d 1098 ([Pa.] 1998).

Pa.R.C.P. 3051(c) (emphasis added). In ***Jacobs***, the trial court terminated the plaintiff's automobile-collision action because, following the complaint and discovery, no docket activity had occurred for two years. ***Jacobs***, 710 A.2d at 1100. The court thus entered judgment of *non pros* against the plaintiff. ***Id.*** On appeal, our Supreme Court held:

> To dismiss a case **for inactivity** pursuant to a defendant's motion for *non pros* there must first be a lack of due diligence on the part of the plaintiff in failing to proceed with reasonable promptitude. Second, the plaintiff must have no compelling reason for the

- 13 -

delay. Finally, the delay must cause actual prejudice to the defendant. As always, this determination is to be made by the trial court, whose decision will not be disturbed absent an abuse of discretion.

*Id.* at 1103 (emphasis added).

Finally, we consider Pennsylvania Rule of Civil Procedure 401, which governs service:

> (a) . . . Original process shall be served within the Commonwealth within thirty days after . . . the filing of the complaint.
>
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) . . . the prothonotary **upon praecipe** and upon presentation of the original process, shall continue its validity by . . . reinstating the complaint, by writing thereon . . . "reinstated" in the case of a complaint.

Pa.R.C.P. 401(a), (b)(1).

Contrary to Appellants' argument, *Jacobs* and Rule 3051(c) are not applicable, because *Jacobs* addressed the prolonged lack of activity on the trial docket following the complaint. *See Jacobs*, 710 A.2d at 1100. Here, the trial court did not dismiss Appellants' complaint for "inactivity" — both Appellants and Appellees filed numerous motions and responses in the five months leading to the judgment of *non pros*. Instead, the trial court specified that it was dismissing Appellants' complaint because Appellants failed to serve the complaint on the last remaining defendant, Bare Feet Shoes. Trial Court Trial Work Sheet, 5/23/17; N.T., 5/17/17, at 24.

In addition, because Appellants filed their petition 32 days after notice of the judgment was sent, the petition was not within the scope of Rule 237.3

- 14 -

(which applies to petitions filed within 10 days of judgment *non pros*), but was subject to **Schultz**. **See** Pa.R.C.P. 237(b)(1), *comment*. Pursuant to **Schultz**, Appellants had to demonstrate that: (1) their petition was promptly filed; (2) a meritorious defense can be shown; and (3) their failure to serve the complaint on Bare Feet Shoes can be excused. **See Schultz**, 477 A.2d at 472. Appellants failed to establish this third prong.

Appellants acknowledged that that they failed to serve their complaint on Bare Feet Shoes, and they did not seek reinstatement of their complaint against Bare Feet Shoes. **See** Pa.R.C.P. 401(a), (b)(1). Appellants' sole attempt to remedy the failure was to file — 19 months after the affidavit of non-service and on the day before the scheduled trial — a motion to amend the complaint, but the motion admitted that it did not seek to join "any new entities" to the litigation. **See** Appellants' Motion to Amend Complaint, 5/16/17, at 8. On appeal, Appellants advance the same allegations of Appellees' willful deception and withholding of information that were rejected by the trial court. Appellants would have this Court ignore the trial court's reasoning that Appellants could have — but failed to — determine the proper parties through appropriate discovery. Upon review, we hold that the court did not abuse its discretion in denying Appellants' petition to strike the judgment *non pros*. **See Madrid**, 24 A.3d at 382; **Schultz**, 477 A.2d at 472. **See also Zehner v. Zehner**, 195 A.3d 574, 581 n. 12 (Pa. Super. 2018) (this Court may affirm trial court's ruling on any basis).

We also find no merit to Appellant's challenge to the order granting Appellees' motion for summary judgment. Although Appellants correctly point out that neither the motion nor the order specifically mentioned Joan Axelrod in her capacity as trustee of the Joan Trust, Appellants again would have this Court ignore the trial court's reasoning — here, that Joan Axelrod was never a trustee of the Joan Trust and thus that alleged party did not exist. **See** N.T., 5/17/17, at 9-11; **see also** Appellees' Answer, 11/17/15, at ¶ 7. Appellants have not argued that Joan Axelrod was in fact a trustee of the Joan Trust; thus, no relief is due.

In Appellants' second issue, they claim that the trial court erred in granting Appellees' motion to preclude them from introducing any evidence at trial. Appellants maintain that they did provide written discovery, and deny canceling or failing to appear for an October 14, 2016 deposition. Appellants assert that it was Appellees who, on the eve of deposition, rescheduled the deposition to October 19, 2016. Appellants' Brief at 25. Appellants contend that they agreed to the October 19th date, but Appellees refused their request that the deposition start at noon. Appellants insist that "they never once refused to appear." **Id.** at 27.

This Court has explained:

> Generally, imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed. . . .

> \* \* \*

- 16 -

> The trial court is responsible for overseeing "discovery between the parties and therefore it is within that court's discretion to determine the appropriate measures necessary to insure adequate and prompt discovery of matters allowed by the Rules of Civil Procedure." Discovery rulings are "uniquely within the discretion of the trial judge," and will not be reversed unless they are deemed to represent an abuse of discretion.

***Rohm & Haas Co. v. Lin***, 992 A.2d 132, 142 (Pa. Super. 2010) (citations omitted).

Pennsylvania Rule of Civil Procedure 4019(a)(1) states, in pertinent part: "The court may, on motion, make an appropriate order if . . . a party fails to serve answers [or] sufficient answers . . . to written interrogatories," fails to appear, after proper notice, for a deposition, or "otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1)(i), (iv), (viii). Further, Rule 4019(c)(2) specifies that the court may enter "an order refusing to allow the disobedient party to support . . . designated claims[,] or prohibiting such party from introducing in evidence designated documents, things or testimony[.]" Pa.R.C.P. 4019(c)(2).

In response to Appellants' claim, the trial court detailed its rationale as follows:

> On February 1[8], 2016, this Court entered an Order compelling Appellants to provide full, complete, and verified discovery requests within thirty (30) days. On August 2, 2016, during the discovery period, . . . Appellees served Interrogatories and Requests for Production of Documents upon Appellants at Appellants' counsel's office. Pursuant to Pa.R.C.P. 4006(a)(2) [Answers to Written Interrogatories by a Party], "the answering party shall serve a copy of the answers, and objections if any, within thirty days after the service of the interrogatories." Therefore, Appellants' answers and objections to the said requests

- 17 -

were due on or before September 2, 2016.

After Appellants failed to serve answers and/or objections to . . . Appellees' Interrogatories, . . . Appellees[ ] sent Appellants' counsel a letter on September 13, 2016, requesting delivery of Appellants' full, complete, and verified discovery responses to . . . Appellees' requests within ten (10) days. On September 16, 2016, . . . Appellees[ ] requested discovery hearings regarding a Motion to Compel Deposition, Request for Admissions, and Answers and Production of Documents. On September 2[9], 2016, the Court entered an Order compelling Appellants' deposition to be conducted on October 19, 2016. In accordance with Pa.R.C.P. 4007.1(a), notice of the Court's Orders was forwarded to Appellants' counsel *via* electronic delivery to the address of record with the Court. Appellants were notified of the deposition in accordance with Pa.R.C.P. 4007.1(a) and were required to appear ("[a] party noticed to be deposed shall be required to appear without subpoena"), yet failed to do so. On October 18, 2016, Appellants' counsel confirmed that his client would be present for the Court ordered depositions, but Appellant did not appear for the deposition.

On September 2[9], 2016, the Court entered an Order compelling Appellants' full, complete, and verified answers to interrogatories and responses to request for production of documents within twenty (20) days. Appellants failed to deliver verified answers to . . . Appellees' discovery requests within twenty (20) days. Appellants neither filed for nor were granted a protective order with regard to . . . Appellees' discovery demands. Appellants continued to demonstrate a course of conduct consistent with a blatant disregard for this Court's Orders by refusing to comply with five (5) previously issued Orders. . . . Appellees then requested this Court to enter an Order imposing sanctions and precluding Appellants from introducing evidence or testimony in this matter at the time for trial/arbitration, which Judge Younge granted on November 28, 2016. Such an Order was appropriate here, as Appellants continuously disregarded . . . Appellees' discovery requests. [**See** Pa.R.C.P. 4019(a)(1) (a)(1)(i), (viii), (c)(2).]

Appellants' counsel failed to act in good faith with . . . Appellees[ ] to comply with this Court's numerous Orders. Appellants' counsel had a full opportunity to argue all of the facts at the discovery hearing before Judge Younge when the entry of

- 18 -

the Court's Preclusion Order occurred. . . . Appellees' discovery demands were related to discoverable information pertaining to this case. The scope and number of the requests for information contained in the discovery requests were limited and specific and fell within the scope of discovery permitted under the Pennsylvania Rules of Civil Procedure. Appellants' counsel continued to defy the Court's repeated Orders and . . . Appellees were prejudiced in the preparation of the case because the information requested was not received. Pa.R.C.P. 4019(c)[(5)] provides that a Court acting under the Pennsylvania Rules of Civil Procedure may enter an Order "with regard to the failure to make discovery as is just." Therefore, the Court did not err by entering a Preclusion Order here.

Trial Court Opinion, 6/25/18, at 13-15.

Further, with respect to Appellants' claim that on October 13, 2016, Appellees rescheduled a deposition — that was to be held the following day — to October 19th, we note that it was the trial court, in a September 29, 2016, order, who ordered Appellants to appear for a deposition on October 19th at 10:00 a.m. Order, 9/29/16. At the November 23, 2016 hearing, Appellees argued that: (1) on October 18th, Appellants' counsel confirmed *via* telephone that Appellants would appear for the deposition; but (2) Appellants did not appear, and instead, 30 minutes **after** the deposition was scheduled to start, Appellants' counsel called and asked if the deposition could be conducted at 2:00. N.T., 11/23/16, at 6-7. Attorney Frank, who had appeared on behalf of Appellants, argued that she had emails that would explain why Appellants did not appear on October 19th. However, the court responded that Attorney Frank did not personally know what happened but instead was merely representing to the court what someone else had told her. *Id.* at 10-13.

Given the extensive history — spanning more than 14 months — of Appellants' failure to respond to Appellees' discovery requests and especially their failure to comply with the trial court's numerous orders compelling them to provide discovery and appear for depositions, we hold that the court did not abuse its discretion in granting Appellees' motion for sanctions and precluding Appellants from introducing any evidence at trial. **See** 4019(a)(1)(i), (iv), (viii), (c)(2); **Rohm & Haas Co.**, 992 A.2d at 142.

We thus turn to Appellants' third and final issue, in which they argue that the trial court should have granted their petitions to amend the complaint and to strike the judgment *non pros*. Appellants claim that both Appellees and Bare Feet Shoes acted with "unclean hands" by willfully withholding "information which was in their exclusive control and forward[ing] Appellants' complaint to an address that they knew Bare Feet existed who was the same principal who owned Eternity Fashions [sic]." Appellants' Brief at 27-28. **See also** Appellants' Petition for Relief from Judgment of *Non Pros*, 6/26/17, at ¶¶ 55-56 (alleging that Meir Duke owned both of the Bare Feet Shoes entities and Eternity Fashion, and that Bare Feet Shoes "knowingly attempted to evade service of process by having another entity, Eternity Fashion, Inc. assume [its] lease obligations").

Although Appellants insist that Appellees withheld critical information from them, Appellants do not acknowledge, let alone refute, the trial court's observation that Appellants could have ascertained this information through

discovery. **See** N.T., 5/17/17, at 16-19. Appellants have not made any claim — before the trial court or this Court — that Appellees provided insufficient or incorrect responses to any properly-served interrogatories. Based on the trial court's reasoning, we find no merit to Appellants' claims of Appellees' "unclean hands" and withholding of information.

In sum, and for the reasons stated above, we affirm the order denying Appellants' petition to strike the judgment *non pros*.

Order affirmed. Upon remand, the trial court shall issue and file a written order memorializing its May 17, 2017 opening default judgment against "Joan Axelrod, trustee of the Joan Axelrod 2012 Irrevocable Trust." Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/9/19