J-A01025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WAYNE JOHNS AND KAREN SHREEVES JOHNS, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : | |
| v. | : | |
| | : | No. 2091 EDA 2018 |
| FRANK LUBISKY, UNION ROOFING CONTRACTORS, INC., AND UNION ROOFING | : | |

Appeal from the Order Entered June 4, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  June Term, 2012 No. 00406

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 18, 2020**

Wayne Johns and Karen Shreeves-Johns, husband and wife (Appellants), appeal from the trial court's order granting the motion for judgment on the pleadings filed by Frank Lubisky, Union Roofing Contractors, Inc., and Union Roofing (collectively, Roofers).  Upon review, we affirm.

The trial court summarized the underlying facts and procedural history as follows:

> [Appellants] aver in their Amended Complaint that on June 4, 2008, [Appellants] entered into a written contract with [Roofers] to perform roofing services.  Not long thereafter the roof began to experience leaking.  [Appellants] informed [Roofers] of the problem by sending them a letter on July 27, 2008.  The [trial

---

[*] Retired Senior Judge assigned to the Superior Court.

court] found that July 27, 2008, was the date the statute of limitations would have begun to run.

[Appellants] initiated their suit against [Roofers] by writ of summons on June 5, 2012 - approximately three years and 11 months after the statute of limitations began to run. The writ expired on July 5, 2012, and was not subsequently reissued. A review of the docket makes it clear that this writ was never served on [Roofers].

On August 25, 2014, [Appellants] filed their complaint - approximately six years and one month after the statute of limitations began to run. In their Amended Complaint, [Appellants] asserted three causes of action: [n]egligence, breach of contract, and violation of the Unfair Trade Practices Consumer Protection Law (UTPCPL). . . .

Trial Court Opinion, 10/19/18, at *2-3 (footnote omitted).

On November 5, 2014, the trial court entered default judgment against Roofers for their failure to file an answer to Appellants' complaint. On November 28, 2014, Roofers filed a petition to open the default judgment. The trial court granted Roofers' petition on January 26, 2015, opened the default judgment, and granted Roofers leave to file a responsive pleading.

Subsequently, both parties filed preliminary objections. On February 17, 2016, the trial court issued an order denying Appellants' preliminary objections, granting Roofers' preliminary objections, and ordering Appellants to amend their complaint to include documents previously omitted from the record.

On April 3, 2016, Appellants filed an amended complaint. Roofers filed an answer and new matter on July 14, 2016. On July 26, 2016, Appellants filed a reply to Roofers' new matter. Roofers filed a motion for judgment on

the pleadings on August 17, 2016; Appellants filed a response to the motion on August 29, 2016.

On June 4, 2018, the trial court issued an order granting Roofers' motion for judgment on the pleadings and dismissed Appellants' complaint. Appellants filed a motion for reconsideration on July 1, 2018. While their motion was pending before the trial court, Appellants filed a notice of appeal. The trial court denied Appellants' motion for reconsideration on July 31, 2018. Appellants filed a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, and the trial court filed an opinion.

On appeal, Appellants present two issues:

[1.] Was the default judgment improperly opened in violation of Pa.R.C.P. 237.3?

[2.] Was the [c]ourt's [o]rder granting the Motion for Judgment on the Pleadings an error of law where the [c]ourt found the facts to be "muddied" and in need of "further elucidation"?

Appellants' Brief at 4.[1]

_____

[1] Appellants' Rule 1925(b) statement raises three additional claims. ***See*** Rule 1925(b) Statement, 9/2/18, at *1-2. However, because Appellants abandoned these claims in their brief, we do not address them. ***See*** Appellants' Brief at 4; ***see also Commonwealth v. Briggs***, 12 A.3d 291, 310 n.19 (Pa. 2011), ***cert. denied***, 132 S.Ct. 267 (2011) (refusing to address claim appellant raised with trial court but subsequently abandoned in brief).

In their first issue, Appellants assert that the trial court erred in granting Roofers' petition to open the default judgment.[2] We recognize:

> [A] petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law. An abuse of discretion is not a mere error of judgment, but if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused.

***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, --- A.3d ----, 2019 WL 6049932, *5 (Pa. Super. 2019) (citation omitted).

Appellants argue that the trial court erred in opening the default judgment because Roofers did not properly verify both their petition to open default judgment and the attached preliminary objections. **See** Appellants' Brief at 10. In particular, Appellants take issue with the fact that Roofers' attorney, rather than Roofers, signed the verification forms.

In response, Roofers argue that Appellants waived this issue because it was never raised in the trial court. **See** Roofers' Brief at 8-9. Alternatively, Roofers aver that their "error was *de minimus* and it did not bar the [trial court] from granting [Roofers' p]etition." **Id.** at 13. We agree.

_____

[2] This issue is properly before us because the trial court's January 26, 2015 order granting the opening of the default judgment was not a final and appealable order. **See** Pa.R.A.P. 311; **see also Joseph Palermo Development Corp. v. Bowers**, 564 A.2d 996, 998 (Pa. Super. 1989) ("An order opening judgment . . . does not end the litigation[.]").

- 4 -

The record confirms that Appellants failed to raise the issue of the verifications' alleged defectiveness with the trial court. Appellants' answer to Roofers' petition to open default judgment does not present any challenge to the verifications, nor does Appellants' motion for reconsideration. *See* Appellants' Answer to Roofers' Petition to Open Default Judgment, 12/22/14, at *1-8; Appellants' Motion for Reconsideration, 7/1/18, at *1-3. Thus, Appellants have waived any argument concerning the defectiveness of the verifications. *See* Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Even if Appellants preserved their verification claims, they are meritless. Had Appellants raised the issue in the trial court, case law dictates that the proper remedy would have been to grant Roofers leave to amend their verifications. *See JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1270 (Pa. Super. 2013) ("[A trial] court confronted by a defective verification should grant leave to amend before dismissing the petition.") (citation omitted). We therefore agree that the error is *de minimis* and Appellants' issue is meritless. *See Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 959 (Pa. Super. 1979) (holding that remand was not "in the best interests of judicial economy . . . for the sole purpose of effecting a miniscule and purely formal amendment."); *George H. Althof, Inc. v. Spartan Inns of America, Inc.*, 441 A.2d 1236, 1238 (Pa. Super. 1982) ("This Court has . . . looked beyond technical defects in affidavits

accompanying petitions to open or strike default judgments.") (citations omitted).

Appellants also argue that the trial court erred in opening the default judgment because Roofers failed to provide a reasonable excuse for failing to file a responsive pleading to their complaint. **See** Appellants' Brief at 13-14.

A default judgment may be opened when the moving party establishes three requirements: "(1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." **U.S. Bank National Assoc. for Pa. Housing Finance Agency v. Watters**, 163 A.3d 1019, 1028 (Pa. Super. 2017) (citation omitted); **see also Schultz v. Erie Ins. Exchange**, 477 A.2d 471, 472 (Pa. Super. 1984). "If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied." **Id.** (citations omitted).

Appellants argue that Roofers failed to provide a reasonable excuse for their failure to file a responsive pleading because "allegations of improper service are conclusions of law, and do not constitute an adequate excuse[.]" Appellants' Brief at 12. The record reflects, however, that this is not the reasonable excuse given by Roofers for their failure to file a responsive pleading. **See** Roofers' Petition to Open Default Judgment, 11/28/14, at ¶¶ 28-35; Roofers' Memorandum of Law, 11/28/14, at *4 ("[Roofers] never responded to the Complaint . . . out of a mistaken belief that they were working toward a settlement and a genuine confusion over the [d]efault

- 6 -

[j]udgment itself."). Notably, Appellants concede that Roofers "set forth an adequate explanation of the delay in answering the complaint in their petition to open[.]" Appellants' Brief at 12.

In their second issue, Appellants argue that the trial court improperly granted Roofers' motion for judgment on the pleadings because there exist unresolved factual disputes. *See* Appellants' Brief at 14-16.

Upon review, we are constrained to conclude that Appellants' claim is waived for failure to preserve the issue in their Rule 1925(b) statement. "If the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b) (parentheticals omitted). Any issue not raised in a Rule 1925(b) concise statement **will** be deemed waived. *See* Pa.R.A.P. 1925(b)(4)(vii) (emphasis added).

Further:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-

the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998)] that must be applied here: In order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (citation and footnote omitted); ***see also Berg v. Nationwide Mut. Ins. Co., Inc.***, 6 A.3d 1002, 1010 (Pa. 2010) (Pennsylvania Supreme Court applying the principles set forth in ***Lord*** in a civil case).

On August 15, 2018, the trial court filed a Rule 1925(b) order requiring Appellants to file a concise statement within 21 days. Order, 8/15/18. Appellants filed a concise statement on September 2, 2018, in which they raised the following four claims:

1. Where a default judgment was entered in favor of [Appellants] on November 5, 2014, and [Roofers] did not file a Petition to Open until November 28, 2014, was the default judgment improperly opened in violation of Pa.R.C.P. 237.3?

2. Where [Roofers] failed to appear for arbitration on November 20, 2014, and $48,450 was awarded to [Appellants] by the arbitration panel, was [Roofers'] appeal therefrom for a trial de novo in violation of Pa.R.C.P. 1303, and/or Phila. Civ. R. 1303, and therefore procedurally incorrect?

3. Was the [trial court's o]rder (dated June 4, 2018) in violation of the law of the case, or any other common law doctrine, where the [trial court] had previously denied [Roofers'] requests for dismissal (on grounds concerning the timeliness of the Writ and Complaint) on at least seven (7) separate, prior occasions?

4. Should prior [Appellants'] counsel's incompetence (and disbarment), in allegedly failing to timely serve a Writ of

Summons upon [Roofers'], operate to bar [Appellants] from pursuing their claims, particularly where the [trial court] denied [Roofers] requests in that regard on at least seven (7) occasions during the litigation of the case?

Appellants' Rule 1925(b) Statement, 9/2/18, at *1-2.

After thorough review, we cannot say that any of the issues raised in Appellants' concise statement preserved the factual dispute issue Appellants' argue in their brief. *Id.*; Appellants' Brief at 14-16. As such, Appellants' second issue compels waiver. *Id.* ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.") (emphasis added).

We also note that in their brief, Appellants fail to articulate and identify what fact or facts were allegedly in-dispute. *See* Appellants' Brief at 14-16. This also constitutes grounds for waiver. *See* Pa.R.A.P. 2119; *see also Keller v. Mey*, 67 A.3d 1, 7 (Pa. Super. 2013) ("Our Rules provide that an appellant's argument must contain citation to relevant authorities as well as reference to the portions of the record and evidence that support the issue on appeal. . . This Court will not develop arguments on the behalf of appellant or comb the record for factual underpinnings to support appellant's position.") (citation omitted).

For the reasons discussed above, we affirm the trial court's June 4, 2018 order granting Roofers' motion for judgment on the pleadings.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/18/20</u>