J-A10024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| J & J PROPERTIES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRISTOL OAK PROPERTIES, INC., | : | |
| SHAY REAL ESTATE AND JACK | : | |
| KITCHEN AND GERALD CLABBERS | : | No. 3173 EDA 2019 |
| | : | |
| | : | |
| | : | |
| APPEAL OF: BRISTOL OAK | : | |
| PROPERTIES, INC., AND GERARD | : | |
| CLABBERS | : | |

Appeal from the Order Entered October 29, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2019-01952

BEFORE:   BOWES, J., SHOGAN, J., and PELLEGRINI, J.*

MEMORANDUM BY SHOGAN, J.:                    Filed: October 8, 2020

Bristol Oak Properties, Inc., and Gerard Clabbers, Appellants ("Bristol

Oak"), appeal the denial of their petition to open a default judgment obtained

by Appellee, J & J Properties, LLC, in the Bucks County Court of Common

Pleas.  We affirm.

The trial court summarized the procedural history of this case as follows:

On March 20, 2019, J & J Properties, LLC ("Appellee")
initiated this breach of contract action by filing a Complaint
averring that Defendants failed to disclose defects in the parking
lot of a strip mall they sold to Appellee.  After Bristol Oak [was]
served and failed to respond and other Co-Defendants had filed
their Answer, New Matter and Cross Claim, Appellee served the

_____

* Retired Senior Judge assigned to the Superior Court.

standard Ten-Day Notice of Intent to Take Judgment by Default. The Ten-Day Default Notice was served to [Bristol Oak] and their counsel on May 31, 2019. Thereafter, when no action was taken by [Bristol Oak], Appellee filed a Praecipe to Enter Judgment against [Bristol Oak,] which was entered on July 3, 2019[,] with notice to [Bristol Oak] and counsel by the [c]ourt.

On July 16, 2019, [Bristol Oak] filed a Petition to Open/Strike Judgment ("Petition") with a Brief in Support. [Bristol Oak] subsequently filed an Answer, New Matter and Cross Claim on July 25, 2019[,] related to the timeliness of [Bristol Oak's] filing. [Appellee] filed its Answer to Petition to Open Default Judgement[,] and this [c]ourt entered a Rule to Show Cause on August 8, 2019. Appellee filed a Brief in Opposition to [Bristol Oak's] Petition to Open/Strike Judgement[,] which was forwarded to this [c]ourt for disposition. On October 25, 2019, the [c]ourt denied [Bristol Oak's] Petition.

Trial Court Opinion, 12/10/19, at 1. Bristol Oak filed a timely notice of appeal.

Both Bristol Oak and the trial court complied with Pa.R.A.P. 1925.

Bristol Oak raises the following issues on appeal:

A. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION FOR NOT CONSIDERING THE PETITION TO OPEN TO HAVE BEEN FILED WITHIN TEN DAYS OF THE ENTRY OF THE DEFAULT JUDGMENT WHERE THE PROTHONOTARY REJECTED THE PETITION WHICH HAD BEEN ELECTRONICALLY FILED ON JULY 15TH BECAUSE OF A DE MINIMIS ERROR IN THE ELECTRONIC FILING DESIGNATION, "MOTION/PETITION," SELECTED BY [Bristol Oak's] COUNSEL, WHICH SHOULD HAVE BEEN "PETITION TO OPEN/STRIKE JUDGMENT"?

B. WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY FAILING TO RECOGNIZE THAT IT LACKS SUBJECT MATTER JURISDICTION IN THIS MATTER DUE TO THE ABSENCE OF AN INDISPENSABLE PARTY SUBJECT TO PA.R.CIV.P. 2227, BEING THE COMMONWEALTH OF PENNSYLVANIA AND ITS DEPARTMENT OF TRANSPORTATION?

Bristol Oak's Brief at 5 (*verbatim*).

We address Bristol Oak's first claim that the trial court abused its discretion for not considering the petition to open to have been filed within ten days of the entry of the default judgment "where the prothonotary rejected the petition . . . on July 15, [2019,] because of" counsel's error in choosing the proper electronic filing designation. Bristol Oak's Brief at 5. Although orders denying petitions to open default judgments are interlocutory, Pennsylvania Rule of Appellate Procedure 311 provides that "[a]n appeal may be taken as of right" from an "order refusing to open . . . a judgment." **Keller v. Mey**, 67 A.3d 1, 3 (Pa. Super. 2013) (quoting Pa.R.A.P. 311 (a)(1)). A petition to open a default judgment is an appeal to the equitable powers of the court, and absent an error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. **U.S. Bank Nat'l Ass'n for Pennsylvania Housing Finance Agency v. Watters**, 163 A.3d 1019, 1028 (Pa. Super. 2017). An abuse of discretion occurs when a trial court, in reaching its conclusions, "overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." **ABG Promotions v. Parkway Pub., Inc.**, 834 A.2d 613, 616 (Pa. Super. 2003).

If the petition is filed **within ten days after the entry of a default judgment on the docket**, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense. Pa.R.C.P. 237.3(b)(2). Here, the petition to

open was not filed within ten days, and the trial court explained the related ensuing procedural history as follows:

> The Default Judgment was entered on July 3, 2019. The tenth day thereafter, July 13, 2019, was a Saturday, pushing the deadline to file to July 15, 2019. Although service was dated for July 15, 2019, it was not properly docketed and accepted by the [c]ourt until July 16, 2019. . . . This [c]ourt did not become aware of [Bristol Oak's] initial attempted July 15, 2019 filing until counsel submitted this assertion in its Statement of Errors Complained of On Appeal. Had [Bristol Oak] raised this timeliness issue and informed the [c]ourt fully, the [c]ourt may have been in a position to consider [Bristol Oak's] circumstances surrounding the initial filing in its decision of whether to grant or deny the Petition. Unfortunately, [Bristol Oak] did not raise this issue for the first time until November 21, 2019 [in its Statement of Errors Complained of on Appeal].

Trial Court Opinion, 12/10/19, at 2–3.

The comment to Pa.R.C.P. 237.3 explains that subdivision (b) of the rule "eases the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment." Pa.R.C.P. 237.3 cmt. 1994. If the petition to open the default judgment is filed within ten days after entry of the judgment on the docket, Rule 237.3(b) requires the court to open the judgment "if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." *Id.* The note following the rule references the requirements for opening a judgment by default as set forth in *Schultz v. Erie Insurance Exchange*, 477 A.2d 471 (Pa. 1984), and advises that Rule 237.3 presupposes that a petition filed within ten days is timely. Pa.R.C.P. 237.3 note. Thus, where a petition to

open a default judgment is not filed within ten days, the moving party must establish, *inter alia*, that the petition was promptly filed. **Id.**[1]

Here, as noted by the trial court, Bristol Oak, while it was aware by July 16, 2019, that its petition to open had not been filed within ten days, never addressed the failing with the trial court until it filed its Pa.R.A.P. 1925(b) statement of errors complained of on appeal. It is settled that issues not raised in the lower court are waived. Pa.R.A.P. 302. Indeed, we have explained:

> On appeal, we will not consider assignments of error that were not brought to the tribunal's attention at a time at which the error could have been corrected or the alleged prejudice could have been mitigated. **Tindall v. Friedman**, 970 A.2d 1159, 1174 (Pa. Super. 2009). "In this jurisdiction one must object to errors, improprieties or irregularities at the earliest possible stage of the adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." **Id.** (quoting **Thompson v. Thompson**, 963 A.2d 474, 475-46 (Pa. Super. 2008) (citation omitted)).

**Interest of T.M.**, ___ A.3d ___, ___, 2020 PA Super 228, *6 (Pa. Super. filed September 18, 2020) (quoting **State Farm Mutual v. Dill**, 108 A.3d 882, 885 (Pa. Super. 2015) (*en banc*)). Thus, Bristol Oak's issue is waived.[2]

---

[1] It is noteworthy that even now, Bristol Oak does not address its failure to excuse the delay between service of the complaint on April 12, 2019, and the filing of the petition to open on July 16, 2019.

[2] Moreover, we note that because Bristol Oak failed to raise the issue in the trial court, none of the documents it now cites as explanation for why the Prothonotary rejected the filing of the petition to open on July 15, 2019, is in

Even if not waived, we would rely on the trial court's alternative explanation regarding its denial of the petition to open the default judgment.[3] We direct the parties to attach a copy of the trial court opinion in the event of further proceedings in this matter.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/20

---

the record certified to us on appeal. Items inserted in the reproduced record do not suffice. **See Commonwealth v. Preston**, 904 A.2d 1, 7–8 (Pa. Super. 2006) (*en banc*) (an appellate court is limited to considering only the materials in the certified record when resolving an issue in both the civil and criminal context).

[3] We note our agreement with Bristol Oak that the trial court mistakenly stated that Bristol Oak did not attach a copy of its answer to the petition to open, Bristol Oak's Brief at 7 n.3 and Trial Court Opinion, 12/10/19, at 3, but this misstatement is unnecessary to the trial court's explanation of its position.

[4] Due to our conclusion that Bristol Oak has waived any claim regarding the propriety of the trial court's denial of the petition to open the default judgment, we need not address the second issue.

## IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
### CIVIL DIVISION

J & J PROPERTIES, LLC ⋮

⋮

    v. ⋮    **DOCKET NO. 2019-01952-40**

⋮

BRISTOL OAK PROPERTIES, INC., ⋮

GERARD CLABBERS, JACK KITCHEN, ⋮

and SHAY REAL ESTATE ⋮

Case #: 2019-01952-0032   12475483
Main (Public)
Code: 5214    Judge:40
Rcpt Z2263807  12/10/2019 8:33:52 AM

### OPINION

### I.    PROCEDURAL HISTORY

On March 20, 2019, J & J Properties, LLC ("Appellee") initiated this breach of contract action by filing a Complaint averring that Defendants failed to disclose defects in the parking lot of a strip mall they sold to Appellee. After Bristol Oak Properties Inc. and Gerard Clabbers ("Appellants") were served and failed to respond and other Co-Defendants had filed their Answer, New Matter and Cross Claim, Appellee served the standard Ten-Day Notice of Intent to Take Judgment by Default. The Ten-Day Default Notice was served to Appellants and their counsel on May 31, 2019. Thereafter, when no action was taken by Appellants, Appellee filed a Praecipe to Enter Judgment against Appellants which was entered on July 3, 2019 with notice to Defendants and counsel by the Court.

On July 16, 2019, Appellants filed a Petition to Open/Strike Judgment ("Petition") with a Brief in Support. Appellants subsequently filed an Answer, New Matter and Cross Claim on July 25, 2019 related to the timeliness of Appellants' filing. Plaintiff filed its Answer to Petition to Open Default Judgement and this Court entered a Rule to Show Cause on August 8, 2019. Appellee filed a Brief in Opposition to Appellants' Petition to Open/Strike Judgement which was forwarded to this Court for disposition. On October 25, 2019, the Court denied Appellants' Petition.

Appellants timely filed a Notice of Appeal and this Court Ordered Appellants to produce a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b) which was filed on November 21, 2019.

THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 12/10/2019 PURSUANT TO PA. R. C. P. 236.

In accordance with Pa.R.A.P. 1925(a), the Court now files this Opinion in the above-captioned matter in support of the Court's ruling.

## II.     STATEMENT OF ERRORS COMPLAINED OF ON APPEAL

In response to the Court's October 29, 2019 Order, Appellants' counsel filed nine alleged errors as the basis of their appeal. In substance, these nine issues may be consolidated into two primary points of appeal which will be addressed in this Opinion:

1. The Court erred when it failed to determine that Appellants initially filed their Petition to Open/Strike Judgment within ten days of the entry of the default judgment where the Prothonotary rejected the Petition; and

2. The Court erred by failing to properly apply the three requirements for opening a judgment by default pursuant to Pa.R.C.P. 237.3 and in accordance with Schultz v. Erie Insurance Exchange, 477 A.2d 471 (Pa. 1984).

## III.     DISCUSSION

Pursuant to Pa.R.C.P. 237.3(b)(2), if a petition to open default "is filed within ten days after the entry of a judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Importantly, a petition for relief under the rule "shall have attached thereto a copy of the Complaint, preliminary objections, or answer which the petitioner seeks leave to file: See Pa.R.C.P. 237.3(a). In Appellants' Brief in Support of their Petition, counsel incorrectly concludes that the Petition was filed within the required ten-day deadline. The Default Judgment was entered on July 3, 2019. The tenth day thereafter, July 13, 2019, was a Saturday, pushing the deadline to file to July 15, 2019. Although service was dated for July 15, 2019, it was not properly docketed and accepted by the Court until July 16, 2019. In fact, Appellants' Petition and Brief does not advise or inform the Court that they

2

attempted to file their Petition initially on July 15, 2019, but it is evident that the Prothonotary's office rejected the Petition as inadequate. This Court did not become aware of Appellants' initial attempted July 15, 2019 filing until counsel submitted this assertion in its Statement of Errors Complained of On Appeal. Had Appellants raised this timeliness issue and informed the Court fully, the Court may have been in a position to consider Appellants' circumstances surrounding the initial filing in its decision of whether to grant or deny the Petition. Unfortunately, Appellants did not raise this issue for the first time until November 21, 2019.

Regardless, this Court would reach the same conclusion that Appellants' Petition falls outside of the Rule's ten day deadline. After Appellants' dilatory conduct by failing to answer or respond to the Complaint for approximately three months, it was, at a minimum, their responsibility to properly and sufficiently file their Petition within the ten day period to be rewarded the standard under Pa.R.C.P. 237.3(b)(2). As stated under Rule 237.3(b)(2), to be granted presumptive relief the Petition must be filed within ten days after the entry of a efault judgment on the docket. Moreover, Appellants' attached no Preliminary Objections or Answer with their Petition as required under Pa.R.C.P. 237.3(a) and (b)(2). In fact, their Answer, New Matter, and Cross Claim was not filed until July 25, 2019, *ten days after the deadline* to file a Petition under Pa.R.C.P. 237.3(b)(2). For this reason alone, the Court concludes that Appellants did not fully comply with the Rule until July 25, 2019.

Rule 237.3(b)'s Explanatory Comment states that, in the event that the filed petition falls outside of the ten-day deadline, the petitioner must proceed pursuant to case law and meet the standards of <u>Schultz v. Erie Insurance Exchange</u>, 477 A.2d 471 (Pa. 1984). A default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. <u>Schultz</u>, 477 A.2d at 472. A trial court's ruling refusing to open a default judgment will not be reversed unless there has been an error

3

of law or a clear, manifest abuse of discretion. Id; US Bank N.A. v. Mallory, 982 A.2d 986, 994 (Pa. Super. Ct. 2009).

A petition filed outside Rule 237.3(b)'s time period is not untimely, rather it is merely no longer presumed to be timely. Horwath v. DiGrazio, 142 A.3d 877, 884 (Pa. Super. 2016). The timeliness prong is not measured by any specific period, but a consideration of the length of time between discovery of the entry of the default judgment and the reason for delay. U.S. Bank N.A., 982 A.2d at 995. The initial incomplete Petition was filed eleven days after the entry of judgment but did not include the required pleadings which Appellants sought leave to file. These documents were filed separately on July 25, 2019. A review of case law generally indicates one month or less between entry of judgment and the filing of a petition to open meets the time requirement for "prompt filing." See e.g. Horwath, 142 A.3d 877; Myers v. Wells Fargo Bank, N.A., 986 A.2d 171 (Pa. Super. 2009); Alba v. Urology Assocs. of Kingston, 598 A.2d 57 (Pa. Super. 1991). Pursuant to case law, this Court determined Appellants' Petition to be timely.

With regard to the second prong, courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion. See e.g. Schultz, 477 A.2d at 472-73; Kelly v. Siuma, 34 A.3d 86, 93 (Pa. Super. 2011); Smith v. Morrell Beer Distribs., Inc., 29 A.3d 23, 27-28 (Pa. Super. 2011); U.S. Bank, N.A., 982 A.2d at 995-96. Appellants admit to receiving service of the Complaint on April 12, 2019, but failed to file an Answer until 104 days later on July 25, 2019, without explanation for this lengthy delay. Appellee was forced to serve a Ten-Day Notice of Intent to Take Default Judgment to Appellants' new address in Warminster, Pennsylvania. Only after the notices went unanswered, Entry of Judgment by Default was docketed by the Prothonotary. Appellants argue that the Entry of Judgment by Default was docketed on July 3, 2019 but was not actually received until July 10, 2019 alleging it was initially sent to Appellants' old address and thereafter forwarded. At no time before July 15, 2019 did Defendants

4

retain counsel and neglected to do so despite having the Complaint since on or about April 12, 2019. However, this still left time for Appellants to file a timely Petition under Rule 237.3(b).

Most importantly, Appellants failed to offer any excuse or explanation for not timely responding to the Complaint. This is not a case where the Appellants have been without fault or where Appellants' legal counsel has provided a reasonable excuse for failure to answer the Complaint in a timely manner. See e.g. Balk v. Ford Motor Co., 285 A.2d 128 (Pa. 1971) (granting petition to open when counsel forwarded complaint to defendant's insurance company, but insurance company lost all relevant papers); Stephens v. Batholomew, 220 A.2d 617 (Pa. 1966) (granting petition to open when defendant delivered complaint to his attorney in a timely fashion, but attorney neglected to read it). This is also not a case where excusable negligence establishes an oversight rather than a deliberate decision not to defend. See e.g. Seeger v. First Union Nat'l Bank, 836 A.2d 163 (Pa. Super. 2003) (granting petition to open when the legal department's procedure was to transmit new complaints via facsimile to outside counsel but secretary inadvertently transmitted complaint to another department twice and did not discover error until she received the notice of filing judgment). Rather, this is a case where Appellants have demonstrated a dilatory attitude and where Appellants unjustifiably failed to comply with the applicable time limits required under the Pa. Rules of Civil Procedure and did not provide any legitimate reasonable excuse for the delay in their Petition. See e.g. Ruczynski v. Jesray Constr. Corp., 326 A.2d 326 (Pa. 1974) (denying petition to open when defendants failed to offer any reason, other than an attempt to negotiate settlement, to justify delay in filing an answer); Schultz, 477 A.2d 471 (denying petition to open when defense offered no reason at all for failing to timely file an answer); U.S. Bank, N.A., 982 A.2d at 996 (denying petition to open when defendant failed to secure legal counsel and claimed to be unsophisticated in legal and financial matters); Flynn v. America West Airlines, 742 A.2d 695 (Pa. Super. 1999) (denying petition to open when documents were constantly being misplaced and defendant failed to ensure it received its mail); Autologic Inc. v. Movers, 481

5

A.2d 1362 (Pa. Super. 1984) (denying petition to open when mail was to be forwarded to employer and employee failed to do so).

The meritorious defense prong requires only that a defense be pleaded that, if proven at trial, would justify relief. Smith, 29 A.3d at 26. The defendant must set forth the defense in precise, specific and clear terms. Id. Despite Appellants' failure to attach Preliminary Objections or an Answer to the Petition as required by the Rule, the Court considered the arguments presented by Appellants through their July 25, 2019 additional filing. In response to Appellee's allegations, Appellants argue that Appellee was aware of the ongoing problem and had access to Bensalem's public records as well as Appellants' personal records concerning the issue before purchasing the mall. Appellants further assert PennDOT and its contractors should be named a party to the action because of their responsibility for maintaining the parking lot. If these matters were proven at trial, the fact finder may conclude that Appellants should not be responsible for resulting damages.

Despite promptly filing and asserting a meritorious defense, Appellants failed to offer an adequate reason for their delay in responding to the Complaint. All three prongs must be met in order to grant relief and Appellants have not met that burden. Finally, Appellants' citation to Pa.R.C.P. 126 is misplaced as the Court finds that compliance with the Pennsylvania Rules of Civil Procedure was necessary by all parties "to secure the just, speedy and inexpensive determination" of this case.

## IV. CONCLUSION

Based upon the foregoing analysis, this Court respectfully suggests Appellants' Appeal should be denied and this Court's October 25, 2019 Order be affirmed.

BY THE COURT:

JEFFREY G. TRAUGER, JUDGE

DATED: December 9, 2019

6

*J & J Properties, LLC v. Bristol Oak Properties, Inc., Gerard Clabbers, Jack Kitchen, and Shay Real Estate*
*Bucks County Court of Common Pleas Docket Number 2019-01952-40*

**Copies sent 12/09/2019:**

Andrew Teitelman, Esquire
Law Offices of Andrew Teitelman P.C.
380 Red Lion Avenue, Suite 103
Huntingdon Valley, PA 19006
*Attorney for Appellants*

Michael T. Pidgeon, Esquire
Eastburn and Gray, P.C.
60 East Court Street
Doylestown, PA 18901
*Attorney for Appellee*